■ FRANK LEVIN et al., Respondents, v JOHN R. McGOVERN et al., Appellants. JOHN R. McGOVERN, Doing Business as JOHN R. McGOVERN ASSOCIATES, Appellant, v BUFFALO SURVEY & RESEARCH, INC., Respondent. (Appeal No. 1.)—Appeal unanimously dismissed as moot. (Same memorandum as in *Levin v McGovern* 53 AD2d 1042.) (Appeal from order of Erie Supreme Court—change of venue.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.

■ FRANK LEVIN et al., Respondents,. v JOHN R. McGOVERN et al., Appellants. (Appeal No. 2.)—Order unanimously reversed, with costs, and motion granted. Memorandum: Defendants appeal from Special Term's denial of their motion to vacate the summons and dismiss the complaint. The question presented in this appeal is whether the service of summons, pursuant to CPLR 308 (subd 4), under the circumstances is jurisdictionally defective. Defendant John R. McGovern, doing business as John R. McGovern Associates, resides in Nassau County and has a business office in New York City. On March 15, 1974 attorneys for the plaintiffs forwarded the

summons and complaint to a New York City process server. Between March 20 and March 26 the process server made several trips to defendant McGovern's office but each time was informed by his secretary that he was out. Thereafter unsuccessful attempts were made to serve defendant at his home in Nassau County. The process server then affixed a copy of the summons and complaint to the door of defendant's home and stated that he mailed a copy to the home address. Defendant admits receipt of the affixed copy but denies receipt of the mailed copy. Defendant contends that substituted service may not be resorted to under CPLR 308 (subd 4) unless service under subdivisions 1 and 2 is unavailable. Since defendant's secretary was available at the New York office when efforts were made to serve him defendant argues that the statute requires that she be served as "a person of suitable age and discretion at the actual place of [defendant's] business" (CPLR 308, subd 2) before plaintiffs could resort to substituted service. We are constrained to agree. The commentators interpret the statute as requiring that service must be made under subdivision 2, if possible, before substituted service may be utilized (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 308, p 206; 1 Weinstein-Korn-Miller, NY Civ Prac, par 308.14). It is undisputed that defendant's secretary was available each time the process server visited defendant's office. The fact that defendant did in fact receive a copy of the papers which was affixed to the door of his house is of no avail. Actual notice of the action does not estop defendant from challenging jurisdiction (cf. *McDonald v Ames Supply Co.,* 22 NY2d 111, 115). Since service was defective the order to remove the Nassau County action in the companion appeal is void and the appeal therefore is academic. (Appeal from order of Erie Supreme Court —vacate service of summons.) Present—Marsh, P. J., Cardamone, Mahoney, Dillon and Goldman, JJ.