■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSIE HUDSON, Appellant. [655 NYS2d 219] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of unauthorized use of a vehicle in the second degree (Penal Law § 165.06). He contends that County Court improperly admitted a certificate from the New

York State Division of Criminal Justice Services comparing defendant's fingerprints taken when defendant was arrested on the present charge with those taken when he was arrested on a similar charge a year earlier. Defendant also contends that the court erred in admitting the certificate of conviction of Rochester City Court to show that he was the same person convicted on the prior charge and in admitting a copy of defendant's NYSIIS report, which also shows the conviction of the prior charge.

Although the prosecutor did not cite to the public documents exception to the hearsay rule in offering the NYSIIS report, he stated as a ground for its admission that the Division of Criminal Justice Services must classify fingerprints upon receipt from a police agency, search its records for information regarding the existence of a criminal record of the person bearing those fingerprints and transmit such information to the forwarding police agency. We view that argument as the equivalent of making the offer pursuant to the public documents exception. Defendant did not dispute the authority of the Division of Criminal Justice Services to maintain such records or the authority of the Director of the Bureau of Identification and Criminal History Operations to certify them.

"When a public officer is required or authorized, by statute or nature of the duty of the office, to keep records or to make reports of acts or transactions occurring in the course of the official duty, the records or reports so made by or under the supervision of the public officer are admissible in evidence" (Prince, Richardson on Evidence § 8-1101, at 688 [Farrell 11th ed]). They are "prima facie evidence of the facts stated" (CPLR 4520), and defendant presented no proof to rebut those facts. The NYSIIS report, the certificate of conviction of Rochester City Court, and the testimony of a Sheriff's Deputy furnished the necessary proof that defendant had previously been convicted of unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), an element of the crime of unauthorized use of a vehicle in the second degree. Even were we to assume that the fingerprint comparison report was improperly admitted, such error is harmless. (Appeal from Judgment of Monroe County Court, Egan, J.—Unauthorized Use Vehicle, 2nd Degree.) Present—Green, J. P., Pine, Doerr, Boehm and Fallon, JJ.