■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McALLISTER, Appellant. [743 NYS2d 273] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered February 15, 1996, convicting defendant, after a jury trial, of criminal possession of a weapon in the second and third degrees and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 10 years to life, and order, same court and Justice, entered on or about June 25, 2001, which denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. There was ample evidence that the weapon possessed by defendant was loaded at the time of defendant's possession. The evidence, viewed as a whole, warranted the conclusion that defendant pointed a revolver at police officers moments after it had been fired by another person, and at a time when it had not yet been unloaded. In any event, the evidence also warranted the conclusion that defendant possessed the revolver while, at the same time, constructively possessing a quantity of live ammunition for the revolver (see, Penal Law § 265.00 [15]).

Defendant was properly adjudicated a persistent violent felony offender. His identity and persistent violent felony offender status were properly established by the People (see, People v Hudson, 237 AD2d 943, lv denied 89 NY2d 1094).

The court properly denied defendant's motion to vacate the judgment. The alleged newly discovered evidence would, at most, have constituted impeachment material that would not have "probably" changed the result of the trial (see, People v Taylor, 246 AD2d 410, 412, lv denied 91 NY2d 978). Defendant's Rosario allegations do not establish that he was prejudiced by any failure of the prosecutor to turn over material related to the testimony of the People's witnesses (see, People v Machado, 90 NY2d 187, 192).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Andrias, J.P., Rosenberger, Wallach, Rubin and Gonzalez, JJ.