■ U.S. 1 Brookville Real Estate Corp., Respondent, v Silvio Spallone, Appellant. [799 NYS2d 816]—

In an action to recover a real estate broker's commission, the defendant appeals from an order of the Supreme Court, Nassau County (Peck, J.), dated July 14, 2003, which denied his motion to vacate a judgment of the same court dated October 7, 1994,

and entered upon his default in answering or appearing, which was in favor of the plaintiff and against him in the principal sum of $234,000, granted the plaintiff's motion to confirm a referee's report of the same court (Gibson, R.) dated January 24, 2002, determining that service was properly effected upon the defendant, and denied his cross motion to reject the report and to dismiss the complaint for improper service.

Ordered that the order is reversed, on the law, with costs, the defendant's motion and cross motion are granted, the plaintiff's motion is denied, the judgment is vacated, the referee's report is rejected, and the complaint is dismissed.

The plaintiff commenced this action to recover a real estate broker's commission, and attempted to effect personal service of process on the defendant at various times on three different days at the defendant's alleged residence. Before effectuating service, the process server spoke with two individuals on the subject premises, but did not serve either individual. On June 9, 1994, the summons and complaint were affixed to the door of the defendant's alleged residence, and on that date a copy was mailed to him at that address. The defendant failed to answer or otherwise appear in this action, and a default judgment was entered in favor of the plaintiff and against the defendant. Thereafter, the defendant moved to vacate the default on the basis that he had not been served with the summons and complaint in this action. After a hearing, a referee sustained service as proper. The plaintiff sought to confirm the referee's report and the defendant sought to reject the report and dismiss the complaint for improper service. The Supreme Court confirmed the report and denied relief to the defendant. We reverse.

The plaintiff effectuated service upon the defendant pursuant to the substituted service provisions of CPLR 308 (4). However, substituted service (so-called "nail and mail") under CPLR 308 (4) can only be used when service under CPLR 308 (1) and (2) cannot be made with due diligence (*Matter of Galuski v Tutunjian*, 133 AD2d 480 [1987]; *Levin v McGovern*, 53 AD2d 1042 [1976]). The defendant does not allege that service could have been made under CPLR 308 (1) with due diligence; rather, he argues that service could have been made upon him under CPLR 308 (2) with due diligence. We agree. The record indicates that the process server spoke to both a woman who answered the door to the premises which was allegedly the defendant's residence and a security guard who stated that the defendant resided at the property. These individuals were clearly persons of "suitable age and discretion," to whom process could have

been delivered pursuant to CPLR 308 (2) (*see Albilia v Hillcrest Gen. Hosp.*, 124 AD2d 499 [1986]; *Oxhandler v Sekhar*, 88 AD2d 817 [1982]).

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Adams, J.P., Krausman, Fisher and Lifson, JJ., concur.