■ HALLSTON MANOR FARM, LLC, Respondent, v JULIE LYNN ANDREW, Appellant. [875 NYS2d 379]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered February 11, 2008. The order denied the motion of defendant to vacate an order entered upon her default and to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the order dated June 15, 2007 is vacated, and the complaint is dismissed.

Memorandum: Defendant moved to vacate an order that was entered upon her default, and she sought dismissal of the complaint based on, inter alia, lack of personal jurisdiction.

Supreme Court conducted a traverse hearing following the submission by defendant of affidavits in support of her contention that service pursuant to CPLR 308 (4) was improper. Although the process server did not testify at the hearing, his affidavit of service was admitted in evidence. The process server stated therein that he affixed the summons and complaint to defendant's door and mailed a copy of the summons and complaint to defendant's address on that same date, after making several prior attempts to serve process (*see* CPLR 308 [4]). We agree with defendant that the court erred in admitting that affidavit in evidence pursuant to CPLR 4520. Contrary to the court's determination, the affidavit was not admissible under CPLR 4520 inasmuch as the process server was not "required or authorized, by special provision of law" to make the affidavit of service (*cf. People v Hudson*, 237 AD2d 943 [1997], *lv denied* 89 NY2d 1094 [1997]). We reject plaintiff's alternative contention that the affidavit of service was admissible under CPLR 4531. There was no showing that the process server could not "be compelled with due diligence to attend at the [traverse hearing]" (CPLR 4531; *cf. Koyenov v Twin-D Transp., Inc.*, 33 AD3d 967, 969 [2006]; *Laurenzano v Laurenzano*, 222 AD2d 560 [1995]). We thus conclude that plaintiff failed to meet its "ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343 [2003]; *see generally Bank One Natl. Assn. v Osorio*, 26 AD3d 452, 453 [2006]; *U.S. 1 Brookville Real Estate Corp. v Spallone*, 21 AD3d 480, 481-482 [2005]; *Boudreau v Ivanov*, 154 AD2d 638 [1989]). We therefore conclude that defendant is entitled both to vacatur of the order entered upon her default and to dismissal of the complaint. Present—Smith, J.P., Centra, Fahey, Green and Pine, JJ.