■ GS Plasticos Limitada, Appellant, v Bureau Veritas, Defendant, and Bureau Veritas Consumer Products Services, Inc., Respondent. [931 NYS2d 567]—

Plaintiff's claims stem from BVCPS's issuance of allegedly erroneous laboratory reports regarding the chemical testing of products manufactured by plaintiff. Plaintiff did not engage BVCPS to conduct the testing. Even assuming BVCPS rendered professional services, it is not alleged that plaintiff relied on the reports or had any dealings with BVCPS. Hence, there is no allegation that the relationship between the parties sufficiently approached privity so as to give rise to a negligence cause of action (*see Credit Alliance Corp. v Arthur Andersen & Co.*, 65 NY2d 536 [1985]).

The claim alleging tortious interference with prospective economic relations fares no better. "To establish such a claim, a plaintiff must demonstrate that the defendant's interference with its prospective business relations was accomplished by 'wrongful means' or that defendant acted for the sole purpose of harming the plaintiff" (*Snyder v Sony Music Entertainment*, 252 AD2d 294, 299-300 [1999]). Here, it is alleged that but for BVCPS's conduct plaintiff would have entered into agreements with unnamed third parties. Plaintiff alleges that the "wrongful means" employed by BVCPS consisted of the alleged misrepresentations about plaintiff's products. This claim fails because it is not alleged that BVCPS made the misrepresentations to any of the unnamed third parties. Moreover, an implicit element of acting "for the sole purpose of harming the plaintiff" is knowledge of the prospective economic relation (*see Caprer v Nussbaum*, 36 AD3d 176, 204 [2006]). As the court correctly found, the complaint does not contain allegations from which it can be inferred that BVCPS knew about the prospective agreements.

Motion to strike portions of reply brief and impose sanctions denied.