■ THOMAS F. CUSACK, Appellant, v GREENBERG TRAURIG, LLP, Respondent. [972 NYS2d 11]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered October 15, 2012, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The complaint stems from plaintiff's failed efforts to have defendant, counsel for plaintiff's former employer, American Defense Systems, Inc. (ADSI), issue a corrected opinion letter to facilitate removal of restrictive legends on his stock certificate. Defendants had issued an opinion letter that misstated that it represented plaintiff, rather than ADSI. Defendant asserts that ADSI subsequently directed it not to issue a corrected letter because ADSI maintains, in a separate lawsuit, that plaintiff fraudulently procured his employment and the stock.

The court properly dismissed the claim of legal malpractice, as there was no attorney-client relationship (*Waggoner v Caruso*, 68 AD3d 1, 5 [1st Dept 2009], *affd* 14 NY3d 874 [2010]). Defendant represented ADSI, not its shareholders or employees and, thus, not plaintiff (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 562 [2009]). Contrary to plaintiff's contentions, nothing in the parties' actions created an attorney-client relationship (*see Polovy v Duncan*, 269 AD2d 111, 112 [1st Dept 2000]). Defendant's request that plaintiff complete a second shareholder questionnaire to issue a corrected opinion letter does not suffice to create an attorney-client relationship. Defendant represented ADSI in ongoing adversarial litigation against plaintiff after his employment was terminated. Moreover, plaintiff essentially acknowledges the lack of an attorney-client relationship, as his complaint largely stems from the allegation that defendant misstated that it represented plaintiff in the opinion letter.

Nor is there near privity to support a claim of legal malpractice based on an allegedly negligent misrepresentation. As the motion court noted, the opinion letter was addressed to BNY Mellon, and as plaintiff alleged in the complaint, the parties

contemplated only that BNY Mellon, not plaintiff, would rely on the letter (*Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood*, 80 NY2d 377, 384 [1992]).

The motion court correctly dismissed the breach of fiduciary duty claim, as there was no attorney-client relationship and no other factual allegations establishing such a duty (*see Eurycleia Partners*, 12 NY3d at 562).

Plaintiff cites no allegations in the complaint to refute the motion court's conclusion that there was no breach of contract claim. Plaintiff failed to allege that the "contract," defendant's alleged acceptance of plaintiff's offer to issue a letter to remove the restrictive covenant, was supported by consideration. Since a claim for breach of a duty of good faith cannot be plead absent an underlying contract (*see Keefe v New York Law School*, 71 AD3d 569, 570 [1st Dept 2010]), that claim was properly dismissed as well.

The motion court correctly dismissed the fraud claim and both negligence claims as duplicative of plaintiff's malpractice claim (*see Dinhofer v Medical Liab. Mut. Ins. Co.*, 92 AD3d 480, 481 [1st Dept 2012], *lv denied* 19 NY3d 812 [2012]; *Weksler v Kane Kessler, P.C.*, 63 AD3d 529, 531 [1st Dept 2009]).

Contrary to plaintiff's contention, in assessing the common-law securities fraud claim, the motion court acknowledged that plaintiff's alleged deceptive practices included not only issuance of a defective opinion letter but also the subsequent failure to correct it. To allege fraud, however, the complaint must allege, among other things, that plaintiff justifiably relied on an alleged misrepresentation or material omission (*IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 140 [2009]). The only alleged misrepresentation here was the misstatement in the opinion letter that defendant represented plaintiff, and the motion court correctly concluded that plaintiff failed to allege that he relied on it to his detriment. The court also properly dismissed plaintiff's securities fraud claim based on General Business Law § 349, as plaintiff's allegations do not encompass consumer-oriented conduct (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 24-25 [1995]).

Plaintiff's conversion claim was triggered on July 9, 2008, when according to the complaint, defendant first refused to correct the defective opinion letter (*see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995]). Plaintiff commenced this action on July 15, 2011, more than three years after the statute of limitations began to run (CPLR 214 [3]). Accordingly, the court properly dismissed that claim as time-barred.

As there was no attorney-client relationship and no valid claim of legal malpractice, the doctrine of continuous representation is inapplicable to any statute of limitations (*Shumsky v Eisenstein*, 96 NY2d 164, 167-168 [2001]). Further, plaintiff's allegations do not support a claim of "ongoing concealment" by defendant of its actions and do not warrant a tolling of any statute of limitations.

Plaintiff's aiding and abetting fraud and aiding and abetting breach of fiduciary duty claims consist of bare legal conclusions (*see David v Hack*, 97 AD3d 437, 438 [1st Dept 2012]).

Plaintiff's failure to perform a ministerial act claim fails, as defendant is not a public officer or a government entity (*see generally Tango v Tulevech*, 61 NY2d 34, 40 [1983]).

Plaintiff's allegations are insufficient to show that defendant used wrongful means to interfere with his prospective business relations, or that it acted with the sole purpose of harming him (*see GS Plasticos Limitada v Bureau Veritas*, 88 AD3d 510 [1st Dept 2011]). Nor has plaintiff pleaded allegations showing that defendant engaged in conduct so outrageous as to support a claim of intentional infliction of emotional distress (*see Suarez v Bakalchuk*, 66 AD3d 419, 419 [1st Dept 2009]). For similar reasons, the complaint does not allege sufficient facts to support punitive damages (*see Denenberg v Rosen*, 71 AD3d 187 [1st Dept 2010], *lv dismissed* 14 NY3d 910 [2010]).

Plaintiff fails to state how any defects would have been addressed if he had been given leave to amend the complaint and, in any event, any further amendment of the complaint would have been futile (*Meimeteas v Carter Ledyard & Milburn LLP*, 105 AD3d 643, 643 [1st Dept 2013]).

We have considered plaintiff's remaining contentions and find them unavailing or not properly before this Court. Concur—Gonzalez, P.J., Mazzarelli, Acosta and Renwick, JJ.