■ NRES HOLDINGS, LLC, Respondent, v ALMANAC REALTY SECURITIES VI, LP, Appellant. [33 NYS3d 707]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered January 26, 2016, which, to the extent appealed from, denied defendant's motion to dismiss the breach of contract cause of action, unanimously affirmed, without costs.

The complaint sufficiently alleges the existence of a contract based on the credit agreement and amendments to it, pursuant to which the parties agreed that plaintiff would pay a 25% prepayment penalty on advances borrowed from defendant and a $3.8 million unused commitment fee representing 25% of the remaining funds that plaintiff had initially agreed to borrow but later opted not to borrow from defendant.

Defendant failed to present documentary evidence that either flatly contradicts these allegations so as to warrant dismissal pursuant to CPLR 3211 (a) (7) (*see David v Hack*, 97 AD3d 437 [1st Dept 2012]) or conclusively establishes a defense as a matter of law so as to warrant dismissal pursuant to CPLR 3211 (a) (1) (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]). The payoff letter, signed by the parties, assesses a 25% prepayment penalty on the total "Unpaid Principal" of advances borrowed by plaintiff, but it does not reveal the underlying calculations. To ascertain that the $3.8 million was included in the total "Unpaid Principal," and treated as an advance, it is necessary to review schedules to amendments to the credit agreements; yet neither those nor any other documents cited by defendant conclusively state that the parties agreed to treat the $3.8 million as an advance, rather than a one-time fee, or otherwise to subject it to a 25% penalty. Accordingly, the fact that plaintiff signed the payoff letter and other documents is not dispositive of this motion to dismiss (*see 235 E. 4th St., LLC v Dime Sav. Bank of Williamsburgh*, 65 AD3d 976 [1st Dept 2009]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.