George A. Farkas, Respondent,
against
Irving Rubin, Defendant, and Harry Rubin, Appellant. 




Law Office of Allen Schwartz, Esq. (Allen Schwartz of counsel), for appellant.
George A. Farkas, respondent pro se.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered April 12, 2018. The order denied defendant Harry Rubin's motion to vacate so much of a judgment of that court entered June 26, 2017 as was entered against him upon his failure to appear or answer the complaint and, upon such vacatur, to dismiss so much of the complaint as was asserted against him or, in the alternative, for leave to interpose an answer.




ORDERED that the order is reversed, without costs, and the matter is remitted to the Civil Court for a new determination, following a hearing, of defendant Harry Rubin's motion to vacate so much of the judgment entered June 26, 2017 as was entered against him and, upon such vacatur, to dismiss so much of the complaint as was asserted against him or, in the alternative, for leave to interpose an answer.
In this action to recover payment for legal services rendered, both defendants failed to appear or answer the complaint, and a judgment was entered against them in the total sum of $23,725.28. Harry Rubin (defendant) subsequently moved to vacate so much of the judgment as was entered against him pursuant to CPLR 5015 (a) (4) and, upon such vacatur, to dismiss so much of the complaint as was asserted against him or, in the alternative, to vacate so much of the judgment as was entered against him pursuant to CPLR 317, and, upon such vacatur, for leave to interpose an answer. The Civil Court denied defendant's motion.
The process server's affidavit states that service was made at an address on Division [*2]Street in Brooklyn, that this was defendant's place of abode, and that "2nd Floor occupant via intercom affirmed RUBIN residence, but stated subject is not known." In support of his motion, defendant asserted that he has lived at an address on Clymer Street for 20 years, and he submitted substantial documentary evidence in support of that assertion. He also asserted that there is no Division Street in Brooklyn, but that his brother lives on Division Avenue. Finally, he argued that he had a potentially meritorious defense to the action in that, while plaintiff had represented defendant's brother, the co-defendant herein, in a criminal action, there was no relationship between plaintiff and defendant that would create liability on defendant's part for the payment of those legal fees. In opposition to the motion, plaintiff asserted that defendant had come to his office after his brother had been arraigned and had retained him to "work on the case for his brother." Plaintiff further alleged that defendant had orally promised to pay for his brother's legal representation, that defendant had provided the address on Division Avenue, and that documents mailed to defendant at the Division Avenue address had not been returned as undeliverable. 
In denying defendant's motion, the Civil Court stated that the facts as described by defendant "are illogical, unreasonable, and plainly, defy good sense." The court did "not believe that the Defendant did not give the address of 212 Division Avenue or Street as his home address to the Plaintiff," but did believe "that [defendant] had knowledge of this legal action and took no action whatsoever until his bank account was levied." Finally, the court "[found] that contrary to his claims, [defendant] acted on behalf of his incarcerated family [and] agreed to pay his family members' legal fees to secure their release." 
With respect to both branches of defendant's motion, the Civil Court erred in resolving the competing claims made by the parties without holding a hearing (see CPLR 2218). Thus, we reverse the order and remit the matter to the Civil Court for a hearing at which the threshold issue is whether service of process was properly effectuated pursuant to CPLR 308 (4) (see U.S. Bank, N.A. v Arias, 85 AD3d 1014 [2011]; cf. Hallston Manor Farm, LLC v Andrew, 60 AD3d 1330 [2009]; see also e.g. Wells Fargo Bank, N.A. v Final Touch Interiors, LLC, 112 AD3d 813 [2013]).
Accordingly, the order is reversed and the matter is remitted to the Civil Court for a new determination, following a hearing, of defendant's motion to vacate so much of the judgment entered June 26, 2017 as was entered against him and, upon such vacatur, to dismiss so much of the complaint as was asserted against him or, in the alternative, for leave to interpose an answer. 
WESTON and ELLIOT, JJ., concur.
PESCE, P.J., taking no part. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 6, 2019