Schnur v Balestriere (2022 NY Slip Op 05297)

Schnur v Balestriere

2022 NY Slip Op 05297

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Friedman, Scarpulla, Mendez, JJ. 

Index No. 160095/18 Appeal No. 16283-16283A Case No. 2021-03128, 2021-03129 

[*1]Yifat V. Schnur et al., Plaintiffs-Appellants,
v
John G. Balestriere et al., Defendants-Respondents, Stephanie Caldwell, et al., Defendants.

Schlam & Dolan LLP, New York (Seth D. Allen of counsel), for appellants.
L'Abbate, Balkan, Colavita & Contini LLP, Melville (William T. McCarffery of counsel), for John G. Balestriere, Jillian L. McNeil, Matthew W. Schmidt, Brian L. Grossman, Jin Lee, Balestriere Fariello and Balestriere LLC, respondents.
Furman Kornfeld & Brennan LLP, New York (Rachel Aghassi of counsel), for Jeremy Saland and Crotty Saland P.C., respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 4, 2021, which, insofar as appealed from as limited by the briefs, granted defendants John G. Balestriere, Jillian L. McNeil, Matthew W. Schmidt, Brian L. Grossman, Jin Lee, The Law Firm of Balestriere Fariello, and Balestriere LLC's (collectively, Balestriere's) motion to dismiss as to the intentional infliction of emotional distress, intentional interference with prospective economic relations, and Judiciary Law § 487 claims against them, and granted defendants Jeremy Saland and Crotty Saland P.C.'s (collectively, Saland's) motion to dismiss as to the defamation, intentional infliction of emotional distress, and intentional interference with prospective economic relations claims against them, unanimously modified, on the law, to deny Balestriere's motion as to the Judiciary Law § 487 claim, and otherwise affirmed, without costs.
Order, same court and Justice, entered on or about February 4, 2021, which denied plaintiffs' motion for a default judgment against defendant Katrina Rico a/k/a Stephanie Caldwell, unanimously affirmed, without costs.
The Judiciary Law § 487 claim against Balestriere should not have been dismissed. Although "unfounded" allegations are not actionable under Judiciary Law § 487, deliberate misrepresentations are (see Amalfitano v Rosenberg, 12 NY3d 8, 11-15 [2009]; Ticketmaster Corp. v Lidsky, 245 AD2d 142, 143 [1st Dept 1997]; Redmond v Bailey, 2012 NY Slip Op 31081[U], *6 [Sup Ct, Queens County 2012]). Plaintiffs have sufficiently alleged that the allegations about them in the underlying federal action were not just unfounded but intentionally false; these allegations have not been conclusively refuted. The misconduct alleged by plaintiffs is also sufficiently "egregious" to support a Judiciary Law § 487 claim — consisting of the reiteration of allegations Balestriere knew to be false in multiple filings, even after receipt of information refuting these allegations and even after being sanctioned (see generally Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]).
The intentional interference with prospective economic relations claim was, however, properly dismissed for failure to allege that Balestriere or Saland had knowledge of plaintiffs' relations with any particular clients or targeted these clients (see generally GS Plasticos Limitada v Bureau Veritas, 88 AD3d 510, 510 [1st Dept 2011]).
The intentional infliction of emotional distress claims against Balestriere and Saland were also properly dismissed as largely duplicative of the malicious prosecution and defamation claims (see Fischer v Maloney, 43 NY2d 553, 557-558 [1978]; Matthaus v Hadjedj, 148 AD3d 425, 425 [1st Dept 2017]) and for failure to sufficiently allege extreme and outrageous conduct (see generally 164 Mulberry St. Corp. v Columbia Univ., 4 AD3d 49, 56 [1st Dept 2004], lv dismissed sub nom. Chez Josephine [*2]v Columbia Univ., 2 NY3d 793 [2004]). "Commencement of litigation, even if alleged to be for the purpose of harassment and intimidation, is insufficient to support such a claim" (Walentas v Johnes, 257 AD2d 352, 353 [1st Dept 1999], lv dismissed 93 NY2d 958 [1999]). The conduct at issue here — pressuring settlement by threatening to bring meritless claims against plaintiffs, actually asserting such claims, and commenting about them to the media — falls squarely within this rule (see Kaye v Trump, 58 AD3d 579, 579 [1st Dept 2009], lv denied 13 NY3d 704 [2009]; McRedmond v Sutton Place Rest. & Bar, Inc., 48 AD3d 258, 259 [1st Dept 2008]).
To the extent plaintiffs seek to amend the complaint to add a claim against Saland for aiding and abetting Balestriere's intentional interference with prospective economic relations or intentional infliction of emotional distress, this request should be rejected for lack of a valid underlying claim against Balestriere.
The defamation claim was properly dismissed as against Saland because the alleged defamatory statements were either subject to the fair report privilege (see Civil Rights Law § 74) or nonactionable opinion (see generally Davis v Boeheim, 24 NY3d 262, 269-270 [2014]). Although there is an exception to the fair report privilege where the underlying litigation is a sham, this exception does not apply where, as here, there is no evidence or allegations that the reporter (Saland) participated in drafting the sham complaint (see Napoli v New York Post, 175 AD3d 433, 434 [1st Dept 2019], lv denied 35 NY3d 906 [2020]).
Plaintiffs' motion for a default judgment against Rico/Caldwell was also properly denied for failure to submit adequate proof of service under CPLR 308(4) (see generally CPLR 3215[f]). Service under this provision is only appropriate where personal service or service by delivery on a person of suitable age and discretion at the actual place of business or dwelling place "cannot be made with due diligence" (see CPLR 308[1]-[2], [4]). Such diligence was not demonstrated here. The process server should have at least attempted to leave the summons and complaint with the club manager, security guard, or bouncer before resorting to nail and mail service (see U.S. 1 Brookville Real Estate Corp. v Spallone, 21 AD3d 480, 481-482 [2d Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022