## Shah v Remedy Place Flatiron LLC

2024 NY Slip Op 34349(U)

December 12, 2024

Supreme Court, New York County

Docket Number: Index No. 161054/2023

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**         PART                **58**

*Justice*

--------------------------------------------------------------------------------X

AKSHIE SHAH, TEJAS SHAH

                         Plaintiffs,

             - v -

REMEDY PLACE FLATIRON LLC,

                         Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161054/2023 |
| **MOTION DATE** | 02/21/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 12, 13, 14, 15, 16, 17, 18, 22, 23, 24, 26

were read on this motion to/for                     DISMISS             .

Defendant moves, pursuant to CPLR 3211(a)(1) and (7), to dismiss plaintiffs' second and third causes of actions in their amended complaint, and granting it an extension of time to file an answer.

## I.       Procedural Background and Facts

Plaintiff Akshie Shah (Akshie) and her spouse Tejas Shah (Tejas) (plaintiffs) commenced the above-captioned action sounding in unlawful imprisonment (second cause of action) and negligent and intentional infliction of emotional distress (IIED) (first and third causes of action, respectively).

On November 2, 2023, it is alleged that Akshie visited defendant's place of business, Remedy Place Flatiron (the premises), a wellness facility, at 12 West 21st Street, New York, New York, for a 30-minute session in defendant's on-site hyperbaric oxygen chamber, which is pitch black, with no lights. At some point after the 30-minute session ended, Ashkie woke up to realize the machine had turned off, indicating the session was over, but the technician had failed to retrieve Ashkie from inside the chamber (NYSCEF 11).

**161054/2023   SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**                     **Page 1 of 7**
**Motion No.  002**

1 of 7

[* 1]

Ashkie alleges that she pushed an internal call button to communicate to the technician that she wanted to get out of the chamber, with no response. After an unspecified passage of minutes, another employee walking by the hyperbaric chamber heard Ashkie making noise inside the chamber and assisted her out.

## II.     Discussion

On a motion brought under CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiff [] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Dismissal is warranted where "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (*Connaughton v Chipotle Mexican Grill, Inc*., 29 NY3d 137, 142 [2017]).

Dismissal under CPLR 3211(a)(1) is appropriate where the documentary evidence utterly refutes the plaintiff's claims and conclusively establishes a defense as a matter of law (*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc*., 37 NY3d 169, 175 [2021], *rearg denied* 37 NY3d 1020 [2021]).

"Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (*Brown v Riverside Church in City of New York*, 231 AD3d 104 [1st Dept 2024], citing *EBC I, Inc. v Goldman, Sachs & Co*., 5 NY3d 11, 19 [2005]). However, "allegations consisting of bare legal conclusions as well as factual claims flatly contradicted by documentary evidence are not" presumed to be true or accorded every favorable inference (*David v Hack*, 97 AD3d 437 [1st Dept 2012]).

**161054/2023   SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**
**Motion No.  002**

**Page 2 of 7**

A.      Unlawful Imprisonment

Defendant contends that plaintiffs fail to meet the elements of unlawful confinement because Ashkie voluntarily entered the chamber and had access to a call button to be released from it.  Given that Ashkie alleges that she was "forgotten" about inside of the chamber, defendant argues that the intent element required for unlawful confinement necessarily cannot be met.  Accordingly, defendant argues the unlawful imprisonment cause of action must be dismissed.

Ashkie asserts that defendant's employee, a technician in charge of administering the hyperbaric treatment, wrongfully imprisoned her after forgetting about her presence inside the chamber and failing to open the chamber after the session concluded.  Ashkie argues that as a result she believed she was trapped and could not leave.  Although she consented to the treatment, Ashkie maintains she did not consent to prolonged confinement longer than the scheduled 30-minute treatment.  Once released from the chamber, Ashkie further maintains that she came to realize the technician intended for her to remain involuntarily confined within the chamber (NYSCEF 11).

A plaintiff seeking to establish an unlawful imprisonment claim must establish that: (i) the defendant intended to confine the plaintiff; (ii) the plaintiff was conscious of the confinement; (iii) the plaintiff did not consent to the confinement; and (iv) the confinement was not otherwise privileged (*see Hernandez v City of New York*, 100 AD3d 433 [1st Dept 2012]).

At issue here is whether the defendant intend to confine Ashkie.  Plaintiffs assert that defendant's employee forgot about Ashkie while she was locked inside the chamber for longer than the scheduled 30-minute treatment, but also that the technician *intended* to confine Ashkie in the chamber.  However, the allegation of the employee's intent is conclusory and unsupported

**161054/2023   SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**
**Motion No.  002**

**Page 3 of 7**

3 of 7

[* 3]

by any facts from which intent could be inferred. For example, they do not allege that Ashkie knew any of the employees personally or that there was any interaction between her and defendant's employees before the incident that would have caused the employee to intentionally confine her to the chamber. Moreover, plaintiffs' other allegations, that an employee ultimately rescued Ashkie from the chamber when she heard her and offered her compensation for the incident, permits the inference that the confinement was an accident rather than an intentional act.

Defendant thus demonstrates that plaintiffs failed to state a claim of unlawful imprisonment against it as they have insufficiently alleged that the unlawful confinement was intentional, rather than accidental.

### III.    Intentional Infliction of Emotional Distress (IIED)

Defendant argues plaintiffs' pleadings fail to establish that defendant intended to cause her emotional distress, and that its behavior was not intentional, extreme or outrageous. Namely, because Ashkie contends that she was forgotten about while in the hyperbaric chamber, defendant argues it was impossible for it to have acted with the necessary intent required for an IIED claim. Moreover, defendant maintains that Ashkie had access to a call button, and that once defendant's associate heard her making noise within the chamber, she was immediately released and offered compensation.

Plaintiffs reassert the arguments mentioned above and in addition, allege that defendant's extreme and outrageous intentional misconduct was atrocious and potentially life-threatening and as a result, Ashkie remains in a state of severe emotional distress. Ashkie further asserts that the extreme and outrageous intentional conduct led her to believe she could not leave the chamber, and that defendant acted with complete and total willful disregard for her wellbeing. She

**161054/2023   SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**                    **Page 4 of 7**
   **Motion No.  002**

[* 4]                                                      4 of 7

maintains that despite forgetting about her in the hyperbaric chamber and leaving her confined, defendant's only response, which was to offer her two free sessions in the chamber, was "intentionally dismissive, coldly callous, minimizing, demeaning, unconscionable, extreme and outrageous in the circumstances" (NYSCEF 11).

Ashkie claims that as a direct and proximate result of defendant's intentional acts, she continues to deeply and gravely suffer extreme post-traumatic stress from the incident, and other effects she had not felt prior to the incident, including but not limited to lack of sleep; uncontrollable shaking; headaches; sudden bursts of fear, loss of appetite; lack of focus; difficulty comprehending; interference with normal business and other activities; helplessness; extreme nervousness; skittishness; weakness; nausea; anxiety; exhaustion; and inability to experience joy, among other severe maladies.

The tort of intentional infliction of emotional distress consists of four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Brown v Riverside Church in City of New York*, 231 AD3d 104, 109 [1st Dept 2024]). "Unlike other traditional torts, [IIED] does not proscribe specific conduct, but imposes liability based on after-the-fact judgments about the actor's behavior" (*id., quoting Howell v New York Post Co.*, Inc., 81 NY2d 115 [1993]).

In order to survive a motion to dismiss, a cause of action for intentional infliction of emotional distress must allege conduct that is " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Chanko v Am. Broadcasting Companies Inc.*, 27 NY3d 46 [2016], quoting *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]).

**161054/2023   SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**
**Motion No.  002**

Page 5 of 7

The standard of outrageous conduct is "strict," "rigorous" and "difficult to satisfy" (*Scollar v City of New York*, 160 AD3d 140 [1st Dept 2018]). However, at the pre-answer stage in pleading, a "plaintiff should not be deprived of the opportunity to pursue [a] cognizable claim, provided it is adequately pleaded" (*Brown*, 231 AD3d at 111).

Intent or recklessness is an essential element of an IIED claim (2A NY PJI3d 3:6, at 73 [2020]). A person's conduct is in reckless disregard of the probability of causing emotional distress if he has knowledge of a high degree of probability that emotional distress will result and acts with deliberate disregard of that probability or with a conscious disregard of the probable results (*id.*).

Here, defendant cites no caselaw on point for the proposition that, as a matter of law, the act of leaving a person locked in a pitch black, confined chamber for a length of time, where the person inside the chamber believes that no one is coming to her assistance and her air supply may soon end and she may die, is not extreme and outrageous. It therefore fails to establish that the claim must be dismissed on this ground.

As to the intent element, an IIED claim involves either intentional or reckless actions. Plaintiffs' allegations, while falling short of establishing an intentional act, sufficiently state a claim of recklessness, based on the facts that not only did defendant's employees forget to retrieve Ashkie from the chamber after her session ended but also failed to respond to her repeated attempts to contact them through the call button in the chamber, and she was let out of the chamber only after a passing employee heard her in distress. Notably, defendant cites no cases holding that, in similar circumstances, an IIED claim was dismissed as facially insufficient.

**161054/2023 SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**
**Motion No. 002**

**Page 6 of 7**

6 of 7

[* 6]

Lastly, in a letter dated March 19, 2024, plaintiffs' counsel requests leave to replead any claim found to be pleaded insufficiently. However, in the absence of a cross-motion and/or a proposed second amended complaint, plaintiffs' request is denied (*Scott v Westmore Fuel Co., Inc*., 96 AD3d 520 [1st Dept 2012] [request to amend bill of particulars was properly denied as request was made in opposition papers and thus procedurally defective without notice of cross-motion]; *see Anderson Props., Inc. v Sawhill Tubular Div., Cyclops Corp*., 149 AD2d 950 [4th Dept 1989] [court should not have granted leave to serve amended complaint as plaintiff did not serve cross-motion and did not provide court with either proposed pleading or affidavit showing proposed amendment had merit]).

Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is granted to the extent of severing and dismissing plaintiffs' second cause of action for unlawful imprisonment, and is otherwise denied; it is further

ORDERED that defendant file its answer to the amended complaint within 30 days of the date of this order; and it is further

ORDERED that the parties are directed to appear for a preliminary conference on February 4, 2025 at 9:30 am, at 71 Thomas Street, Room 305, New York, New York.

20241212160320DBCOHENA87FD021E6F24DC7A7D19541FF81954B

| 12/12/2024 | | | | | DAVID B. COHEN, J.S.C. | |
|------------|---|---|---|---|------------------------|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|------------------------|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**161054/2023  SHAH, AKSHIE ET AL vs. REMEDY PLACE FLATIRON LLC**
**Motion No.  002**

Page 7 of 7

7 of 7