ELAN KELLER, Respondent, v LOEWS CORPORATION, Appellant, et al., Defendant. [894 NYS2d 376]—

Plaintiff alleges religious discrimination in the termination of his employment as in-house attorney with defendant Loews Corporation. Defendant's counterclaim alleges that plaintiff breached his fiduciary duty to Loews by disclosing confidential information in his complaint. The motion court dismissed the counterclaim on the ground that there is no fiduciary relationship between an employer and an at-will employee. That was error.

"[A] lawyer, as one in a confidential relationship and as any fiduciary, is charged with a high degree of undivided loyalty to his client" (*Matter of Kelly*, 23 NY2d 368, 375 [1968]). Indeed, the duty to preserve client confidences and secrets continues even after representation ends (*see Nesenoff v Dinerstein & Lesser, P.C.*, 12 AD3d 427, 428 [2004]; *Matter of Sage Realty Corp. v Proskauer Rose Goetz & Mendelsohn*, 91 NY2d 30, 37 [1997]). Thus, we conclude that an in-house attorney, his status as an at-will employee notwithstanding, owes his employer client a fiduciary duty. We note that plaintiff also had a contractual

duty pursuant to his employment agreement to maintain the confidentiality of confidential materials.

Plaintiff failed to establish prima facie that he did not disclose confidential information or communications with Loews. The complaint alleges that plaintiff gave tax advice that was relied on by Loews in deciding not to spin off a subsidiary. However, plaintiff's testimony creates an issue of fact as to whether the information contained in the complaint was based on plaintiff's legal advice to Loews. Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ. **[Prior Case History: 22 Misc 3d 1139(A), 2009 NY Slip Op 50513(U).]**