Order, Supreme Court, New York County (Debra James, J.), entered January 25, 2013, which, to the extent appealed from, denied defendants’ motion to dismiss the complaint in its entirety, unanimously modified, on the law, to grant the motion except as to the cause of action alleging assault and battery, and otherwise affirmed, without costs.
A claim for intentional infliction of emotional distress has not been stated as there is no allegation of extreme and outrageous conduct (see Howell v New York Post Co., 81 NY2d 115, 121 [1993]). As a matter of law, the individual defendant’s failure to buy plaintiff a condominium apartment as allegedly promised cannot be said to be extreme and outrageous. The claim for negligent infliction of emotional distress fares no better because there is no allegation of a “breach of a duty owed to plaintiff which either unreasonably endangers the plaintiff’s physical safety, or causes the plaintiff to fear for his or her own safety” (see Sheila C. v Povich, 11 AD3d 120, 130 [1st Dept 2004] [citations omitted]). Nor does the complaint sufficiently allege that defendant acted with disinterested malevolence in support of plaintiff’s cause of action for prima facie tort (see Phillips v New York Daily News, 111 AD3d 420, 421 [1st Dept 2013], citing Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 332 [1983]; Freihofer v Hearst Corp., 65 NY2d 135, 142-143 [1985]). The promissory estoppel claim also fails since the facts alleged do not show that defendant caused “unconscionable *408 injury” to plaintiff as a result of any reasonable reliance she placed on his alleged promises (Melwani v Jain, 281 AD2d 276, 277 [1st Dept 2001]). Finally, defendant’s only challenge to the assault and battery cause of action is based upon contradictions in a police report attached to the complaint. Although it refutes some of plaintiffs assertions, the police report does not contradict the complaint’s allegation that defendant committed assault and battery by slapping plaintiffs face and grabbing her throat. Concur — Mazzarelli, J.E, Sweeny, Andrias, DeGrasse and Richter, JJ. [Prior Case History: 2013 NY Slip Op 30128(11).]