■ Terri Kornicki, Appellant, et al., Plaintiffs, v Rubin Shur, Respondent. [17 NYS3d 396]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 5, 2012, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

The allegations set forth in the complaint, as supplemented by the allegations in plaintiff Kornicki's affidavit submitted in opposition to the motion, fail to adequately state a claim for negligent infliction of emotional distress or breach of duty. Plaintiffs allege that defendant, among other things, called plaintiff Kornicki a "criminal" in front of her children while they were visiting Kornicki's mother, and attempted to coerce her into paying money to settle a family dispute. These allegations do not set forth conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]; *Goldstein v Massachusetts Mut. Life Ins. Co.*, 60 AD3d 506, 508 [1st Dept 2009], *lv denied* 12 NY3d 714 [2009] [internal quotation marks omitted]). Further, the allegations that defendant was a court-appointed guardian for Kornicki's mother do not provide

a basis for finding that he owed a "heightened" duty toward Kornicki and her children. Even if defendant had a duty toward Kornicki, there is no allegation that his breach of that duty endangered Kornicki's physical safety or caused Kornicki to fear for her safety (*see Ferreyr v Soros*, 116 AD3d 407, 407 [1st Dept 2014]). Any physical harm that Kornicki suffered was due to her own actions.

The plaintiff children's claims for negligent infliction of emotional distress are inadequately pleaded, as there are no allegations that they observed a family member's death or serious injury while in the zone of danger (*see Coleson v City of New York*, 24 NY3d 476, 483 [2014]).

Because all of the substantive claims were properly dismissed, the derivative loss of consortium claim asserted by plaintiff Kaminer also fails to state a claim (*see Kaisman v Hernandez*, 61 AD3d 565, 566 [1st Dept 2009]). Concur—Tom, J.P., Acosta, Moskowitz and Richter, JJ.