Napoli v New York Post (2019 NY Slip Op 06371)





Napoli v New York Post


2019 NY Slip Op 06371


Decided on August 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 27, 2019

Renwick, J.P., Manzanet-Daniels, Kahn, Moulton, JJ.


161367/15 9408 161423/15 9407

[*1]Marie Napoli, Plaintiff-Appellant,
v
New York Post, et al., Defendants-Respondents.
Marie Kaiser Napoli, Plaintiff-Respondent-Appellant,
v
Marc Jay Bern, et al., Defendants-Appellants-Respondents.


Napoli Shkolnik PLLC, Melville (Marie Napoli and Salvatore C. Badala of counsel), for appellant/respondent-appellant.
Nixon Peabody LLP, Jericho (Santo Borruso of counsel), for Marc Jay Bern, The Parkside Group, LLC, and Brian Brick, appellants-respondents.
Farrell Fritz, P.C., Uniondale (James M. Wicks of counsel), for Clifford S. Robert, appellant-respondent.
Davis Wright Tremaine LLP, New York (Laura R. Handman of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn Freed, J.), entered November 9, 2015, which, to the extent appealed from as limited by the briefs, granted the New York Post defendants' motion to dismiss the amended complaint, unanimously affirmed, without costs. Order, same court (Carmen Victoria St. George, J.), entered August 14, 2018, which, to the extent appealed from as limited by the briefs, denied that part of the Bern defendants' motion to dismiss plaintiff's claims for defamation and prima facie tort against the Bern defendants and breach of fiduciary duty as against Marc Jay Bern individually, unanimously affirmed, without costs.
The court properly dismissed plaintiff's claims against the New York Post defendants. The allegedly defamatory statements appearing in various news articles essentially summarize or restate the allegations in judicial filings in a case related to plaintiff, so they are protected by Civil Rights Law § 74 (see McRedmond v Sutton Place Rest. & Bar, Inc., 48 AD3d 258, 259 [1st Dept 2008]). The court correctly held that plaintiff failed to adequately allege that the Post defendants participated in drafting the purported "sham" filings in that action (see Williams v Williams, 23 NY2d 592, 599 [1969]).
The court properly determined that the Post defendants' reporting of the contents of an email concerning third-party conversations mentioning plaintiff were not actionable (see generally Brian v Richardson, 87 NY2d 46, 51-52 [1995]). The court also properly found that the intentional infliction of emotional distress claim was duplicative since the underlying allegations fall within the ambit of the defamation causes of action (see Akpinar v Moran, 83 AD3d 458, 459 [1st Dept 2011], lv denied 17 NY3d 707 [2011]), and that plaintiff failed to allege that she was placed in physical danger or was caused to fear for her personal safety as a [*2]result of the Post defendants' conduct in support of her negligent infliction of emotional distress claim (see Ferreyr v Soros, 116 AD3d 407 [1st Dept 2014]).
The court in the Bern action properly determined that collateral estoppel does not apply to bar plaintiff's defamation claims against the Bern defendants. The issues raised in the Bern action, in which plaintiff claims that the Bern defendants made sham filings and circulated them to the press for the sole purpose of defamation, differ from those raised in the New York Post action, in which plaintiff alleges that the New York Post defamed her by reporting on those filings (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]). The court also properly determined that issues of fact remained as to whether the litigation privilege extended to the Bern defendants' court filings (see Flomenhaft v Finkelstein, 127 AD3d 634, 638 [1st Dept 2015]). The court properly sustained plaintiff's prima facie tort cause of action against the Bern defendants, pleaded in the alternative, which did not rest on the same facts and allegations supporting the alleged defamation (see generally Curiano v Suozzi, 63 NY2d 113, 118 [1984]). Furthermore, plaintiff's allegations that Marc Bern disclosed confidential information obtained in the course of his representation of her and disclosed documents in violation of the attorney-client privilege state a cause of action against him for breach of fiduciary duty (see Keller v Loews Corp., 69 AD3d 451 [1st Dept 2010]). The court correctly found that plaintiff's allegations, along with two affidavits supporting her claim that Bern represented her sufficiently pleaded the requisite elements of a breach of fiduciary duty claim (see Burry v Madison Park Owner LLC, 84 AD3d 699 [1st Dept 2011]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: AUGUST 27, 2019
DEPUTY CLERK