JOHN W. HARVILLE et al., Individually and as Parents and Natural Guardians of REBECCA HARVILLE, an Infant, Respondents, v LOWVILLE CENTRAL SCHOOL DISTRICT et al., Appellants. [667 NYS2d 175] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiffs commenced this action alleging causes of action for negligence, intentional and negligent infliction of emotional distress and defamation arising from an incident that occurred in their 13-year-old daughter's science class. After their daughter, Rebecca, gave a correct answer to a question from the teacher, defendant William Marks, Marks allegedly responded, "Boy you Polish Nazis are smart" and quickly added, "Becky's going to be mad at me for a week".

Defendants moved to dismiss the complaint for failure to state a cause of action. Supreme Court denied their motion except to the extent of directing that the complaint be amended to delete any separate cause of action for punitive damages. We agree with defendants that the court should have dismissed the complaint in its entirety.

To survive a motion to dismiss, a cause of action for intentional infliction of emotional distress must allege conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d; see, Foley v Mobil Chem. Co.*, 214 AD2d 1003, 1005). It must consist of more than insults, indignities and annoyances (*see, Leibow-*

*itz v Bank Leumi Trust Co.,* 152 AD2d 169, 182). That same test has been applied to a cause of action for the negligent infliction of emotional distress (*see, Rocco v Town of Smithtown,* 229 AD2d 1034, 1035, *appeal dismissed* 88 NY2d 1065). Whether the alleged conduct is outrageous is, in the first instance, a matter for the court to decide (*see, Burba v Rochester Gas & Elec. Corp.,* 90 AD2d 984; *see also, Rocco v Town of Smithtown, supra,* at 1035). Although the remarks allegedly made by Marks were inappropriate and irresponsible, they are not so outrageous in character and so extreme in degree that they are utterly intolerable in a civilized community (*see, Leibowitz v Bank Leumi Trust Co., supra,* at 182). Thus, plaintiffs fail to state causes of action for intentional or negligent infliction of emotional distress. The cause of action for negligent infliction of emotional distress should have been dismissed on the further ground that it fails to allege that Marks' remarks unreasonably endangered Rebecca's physical safety or caused Rebecca to fear for her physical safety (*see, Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 44).

The court also should have dismissed the defamation cause of action. Plaintiffs do not allege special damages, and the remarks attributed to Marks do not constitute slander per se (*see, Liberman v Gelstein,* 80 NY2d 429, 434-435). The court should have dismissed the negligence cause of action because plaintiffs do not allege that defendants breached a duty to Rebecca beyond those alleged in the other causes of action. Because plaintiffs did not cross-appeal from the order, we do not consider the argument in their brief concerning punitive damages. In any event, it is moot in view of our resolution of defendants' appeal. (Appeal from Order of Supreme Court, Lewis County, Parker, J.—Dismiss Complaint.) Present—Pine, J. P., Hayes, Wisner, Balio and Fallon, JJ.