■ LOUIS BERRIOS, Respondent-Appellant, v OUR LADY OF MERCY MEDICAL CENTER, Appellant-Respondent, and YEONGCHEOL KIM, M.D., Respondent, et al., Defendants. [799 NYS2d 452]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered March 24, 2004, which, to the extent appealed from as limited by the briefs, granted the motion of defendant Our Lady of Mercy Medical Center for summary judgment to the extent of dismissing plaintiff's first and second causes of action but denied that part of defendant Medical Center's motion seeking dismissal of the third, ninth and tenth causes of action, and granted the motion of defendant Yeongcheol Kim, M.D. for summary judgment dismissing the complaint as against him, unanimously modified, on the law, to grant the Medical Center's motion to the further extent of dismissing the ninth and tenth causes of action for intentional and negligent infliction of

emotional distress as against it, and otherwise affirmed, without costs.

Plaintiff, a paraplegic afflicted with spina bifida, went to defendant Medical Center complaining of abdominal pain. X-rays taken of plaintiff's abdomen showed four foreign bodies that appeared to the radiologist, defendant Kim, to be packages of narcotics. The police were alerted, plaintiff was arrested and handcuffed to his bed for more than 27 hours, and procedures to induce a bowel movement, including an enema and an anal probe, were administered. When those measures failed, another x-ray was taken and it was determined that the foreign bodies were, in fact, renal stones. Plaintiff thereafter commenced this action asserting, inter alia, claims against the Medical Center and Kim for false arrest, false imprisonment, assault and battery, negligent infliction of emotional distress and intentional infliction of emotional distress.

The false arrest and false imprisonment causes of action were properly dismissed. Although the Medical Center and Kim informed the police of their suspicion that plaintiff was harboring narcotics in his abdomen, there is no evidence that either defendant encouraged the police to arrest plaintiff or intended to confine him (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128 [1999]; *Celnick v Freitag*, 242 AD2d 436 [1997]). Plaintiff's assault and battery cause against the Medical Center was, however, properly sustained. There are triable issues as to whether the enema and anal probe to which plaintiff was subjected by the Medical Center constituted offensive or nonconsensual bodily contact "in a nonexigent situation" (*Oates v New York Hosp.*, 131 AD2d 368, 370 [1987]; *see also Messina v Matarasso*, 284 AD2d 32, 34-35 [2001]). However, the same cause of action as against Kim was properly dismissed since he did not participate in administering the aforementioned procedures.

The motion court erred in refusing to dismiss the ninth and tenth causes of action for intentional and negligent infliction of emotional distress, both of which require allegations that the defendant's conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Sheila C. v Povich*, 11 AD3d 120, 130-131 [2004] [internal quotation marks omitted], citing, inter alia, *Dillon v City of New York*, 261 AD2d 34, 41 [1999]; *see also Stauber v New York City Tr. Auth.*, 10 AD3d 280, 281-282 [2004]).

Plaintiff's evidence fails to raise a triable issue as to whether

either defendant's conduct was sufficiently extreme or outrageous as to support these claims. There is no evidence that defendants intended to inflict harm upon plaintiff or that they treated him in a discourteous or offensive manner. Although defendants' collective actions in misreading the x-rays, causing a police investigation and participating in invasive medical procedures certainly could be found to be negligent and the product of overzealousness, all evidence points to the conclusion that defendants were acting in good faith. In contrast to the cases cited by the motion court (*see Elson v Consolidated Edison Co.*, 226 AD2d 288 [1996]; *Kaminski v United Parcel Serv.*, 120 AD2d 409 [1986]), which also involved mistaken accusations of criminal wrongdoing, the instant defendants were not alleged to have engaged in threatening and intimidating conduct toward the accused that might give rise to an emotional distress claim.

The motion court also properly precluded plaintiff from claiming medical malpractice since the complaint did not set forth such cause of action (*see Smith v Pasquarella,* 201 AD2d 782, 783-784 [1994]), and was not accompanied by a certificate of merit until several years after the action was commenced (*see* CPLR 3012-a).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.