■ LEARNING ANNEX HOLDINGS, LLC, Appellant, v MARTIN GITTELMAN, Respondent. [850 NYS2d 422]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered July 6, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Dismissal of the complaint was appropriate in this action where plaintiff seeks damages based on defendant's admitted actions of removing every copy of plaintiff's catalogue from its magazine/catalogue distribution box located on a street corner in defendant's neighborhood and throwing them in the garbage because, in his view, they contributed to litter in the area. The record evidence establishes that plaintiff's cause of action for tortious interference with prospective business relations is not viable since plaintiff has failed to identify any specific customers it would have obtained but for defendant's actions (*see Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266-267 [2002]). The conversion cause of action fails because plaintiff admits that the catalogues are free for the taking and anyone can take as many as they desire and therefore, plaintiff cannot demonstrate a superior possessory right to the catalogues (*see Galtieri v Kramer*, 232 AD2d 369 [1996]). Furthermore, dismissal of the

prima facie tort cause of action was proper where the evidence demonstrates that no reasonable jury could conclude that defendant was motivated solely by "disinterested malevolence" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 333 [1983], quoting *American Bank & Trust Co. v Federal Reserve Bank of Atlanta*, 256 US 350, 358 [1921]), and where plaintiff failed to sufficiently establish that it sustained special damages (*see Vigoda*, 293 AD2d at 266). Plaintiff has raised no challenge to the court's dismissal of its fourth cause of action for a permanent injunction. Concur—Lippman, P.J., Mazzarelli, Friedman, Sweeny and Moskowitz, JJ.