■ JOHN J. MURPHY, Appellant, v CITY OF NEW YORK et al., Respondents. [874 NYS2d 407]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered July 8, 2008, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The complaint failed to establish all the elements of defamation, inasmuch as plaintiff did not allege the time, the manner and the persons to whom the publication was made (*Seltzer v Fields*, 20 AD2d 60, 64 [1963], *affd* 14 NY2d 624 [1964]), nor did he identify the person who made it. In any event, the statements allegedly issued by these defendants were contained in an investigative report and were protected by at least a qualified privilege (*see Aquilone v City of New York*, 262 AD2d 13 [1st Dept 1999], *lv denied* 93 NY2d 819 [1999]). Moreover, the statements were substantially true and to the extent that they may not have been, plaintiff failed to offer evidence of malice or reckless disregard for the truth (*see Foster v Churchill*, 87 NY2d 744, 751-752 [1996]).

As to the cause of action for tortious interference with prospective employment, plaintiff failed to demonstrate the existence of a job offer, and failed to submit evidence sufficient to raise any issue of fact as to whether defendants acted with the sole purpose of harming him or engaged in any improper or unlawful conduct (*see Glen Cove Assoc. v North Shore Univ. Hosp.*, 240 AD2d 701 [1997], *lv denied* 91 NY2d 801 [1997]; *Nassau Diagnostic Imaging & Radiation Oncology Assoc. v Winthrop-University Hosp.*, 197 AD2d 563 [1993], *lv denied* 83 NY2d 756 [1994]). Nor did plaintiff establish that he would have been offered the job "but for" defendants' alleged bad acts (*see Union Car Adv. Co. v Collier*, 263 NY 386, 401 [1934]; *Slatkin v Lancer Litho Packaging Corp.*, 33 AD3d 421 [2006]).

Finally, plaintiff's allegations that defendants violated sections 803 and 805 of the New York City Charter are without merit in that those provisions relating to the conduct of investigations and reports to individuals involved do not mandate that reports be kept confidential.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, J.P., Sweeny, Renwick and Freedman, JJ. [*See* 2008 NY Slip Op 31926(U).]