■ DAVID GOLDSTEIN, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. [875 NYS2d 53]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered February 19, 2008, which, to the extent appealed from, granted defendant's motion to dismiss the complaint, unanimously affirmed, with costs.

In 1992 plaintiff chiropractor purchased a disability insurance policy from defendant's predecessor-in-interest. In 1993 he sustained nerve damage which impaired the use of his left arm as a result of a motor vehicle accident, and in 1994 he was directed to stop working as a chiropractor and began receiving disability benefits. Later that year plaintiff was diagnosed with Epstein Barr virus/chronic fatigue syndrome, and in May 1999, with generalized anxiety disorder, accompanied by obsessive compulsive disorder.

Plaintiff commenced his first action against defendant in New York County in 1999 alleging that he was "Presumptively Totally Disabled" under the terms of the policy, and seeking a declaration that the requirement that he submit monthly progress reports and remain under a physician's care be waived. That complaint was dismissed on the basis that plaintiff's injury did not meet the policy's definition of "presumptive disability."

Plaintiff commenced a second action against defendant in Queens County in 2005 asserting claims for, inter alia, a declaration that the requirement of a doctor's care be waived and intentional and negligent infliction of emotional distress by undertaking conduct to aggravate his chronic fatigue syndrome. That action was dismissed upon a finding that the claim for declaratory relief was barred by res judicata and that the tort claims were time-barred (see Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821 [2006]).

Plaintiff commenced this action in 2007 alleging that defendant engaged in a campaign of harassment in administering the subject policy by, inter alia, requiring him to submit monthly reports, delaying payments, and refusing to acknowledge the permanence of his injury, most of which conduct was alleged to have occurred before 2005. As a result of this conduct, plaintiff allegedly suffered severe emotional distress.

All three actions involve the same parties, insurance policy, claim and challenge to the frequency of reports demanded. Thus, plaintiff's claims for intentional and negligent infliction of emotional distress, to the extent they arise from pre-2005 conduct, were properly dismissed on the ground of res judicata, as the claims arise out of the same series of transactions as the prior actions (see Matter of Hunter, 4 NY3d 260, 269 [2005]; O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]). For the same reason, the claim for breach of the covenant of good faith and fair dealing arising out of pre-2005 conduct, was subject to dismissal on res judicata grounds. The claims for intentional and negligent infliction of emotional distress, as they relate to pre-2005 acts, are also barred by the doctrine of collateral estop-

pel as identical claims were dismissed in 2005 (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]), and plaintiff cannot relitigate his dismissed claims by adding allegations that could have been brought earlier.

Plaintiff's claims for intentional and negligent infliction of emotional distress, to the extent not otherwise barred, fail to state a cause of action as they lack the necessary element of "extreme and outrageous conduct" (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]; *see Berrios v Our Lady of Mercy Med. Ctr.*, 20 AD3d 361, 362 [2005]). This element requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Howell*, 81 NY2d at 122 [internal quotation marks and citations omitted]), and defendant's demand of progress and physician's reports at a permissible frequency and the occasional delay in the payment of benefits, clearly does not rise to such a level of conduct.

Furthermore, plaintiff's claim for breach of the covenant of good faith and fair dealing was properly dismissed, since he failed to allege the deprivation of any right under the policy (*see Ezrasons, Inc. v American Credit Indem. Co.*, 257 AD2d 447, 448 [1999]), or that defendant failed to perform under the policy (*see Odingo v Allstate Ins. Co.*, 251 AD2d 81 [1998], *lv denied* 92 NY2d 810 [1998]). Concur—Friedman, J.P., Nardelli, Catterson and DeGrasse, JJ.