EUGENE PALLADINO, Appellant, v CNY CENTRO, INC., Respondent. [895 NYS2d 614]—

Appeal from an order and judgment (one paper) of the Supreme Court, Onondaga County (James P. Murphy, J.), entered September 26, 2008. The order and judgment granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action against his employer seeking, inter alia, a determination that his entitlement to pension and retirement benefits began on November 1, 1983, based upon a "return to work" agreement between the parties dated January 6, 1987 that resolved a pending grievance by plaintiff in connection with the termination of plaintiff's employment on May 6, 1985. Supreme Court granted defendant's motion to dismiss the complaint, determining that plaintiff is limited to seeking recourse through the grievance procedure

set forth in the collective bargaining agreement (CBA) between the parties. That was error.

It is axiomatic that plaintiff's complaint is to be afforded a liberal construction, that the facts alleged therein are accepted as true, and that plaintiff is to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint "fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). We conclude that the complaint alleges causes of action for anticipatory breach of contract and equitable estoppel with respect to the 1987 agreement. We further conclude that neither the 1987 agreement nor the CBA conclusively establishes a defense to those causes of action as a matter of law (*see id.*). Although the CBA provides for a grievance process pursuant to which it is arguable that plaintiff may contest defendant's determination with respect to his date of hire for the purpose of determining his pension rights, we conclude that the grievance process set forth in the CBA is not plaintiff's exclusive means to seek recourse for defendant's actions. Rather, because defendant utilized the 1987 agreement to determine plaintiff's effective date of hire and the dispute between the parties involves the interpretation of that agreement, we conclude that plaintiff has properly alleged causes of action upon which relief may be granted. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.