■ SYLVIA PHILLIPS, Respondent, v NEW YORK DAILY NEWS et al., Appellants. [974 NYS2d 384]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered March 15, 2012, which denied defendants' motion to dismiss plaintiff's complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment dismissing the complaint.

In this action for negligent infliction of emotional distress arising from defendant newspaper's publication of an article reporting on the death of a three-year-old girl who was allegedly beaten by her father, the article attributed certain statements regarding the child's appearance the day before her death to plaintiff, who was a neighbor. Specifically, the article stated that plaintiff saw the child's step-mother taking her out for a walk in a stroller and described the little girl as "hidden beneath a pile of blankets." The article quoted plaintiff as saying, "[I]t was different, the way it was wrapped . . . . She turned the stroller like she didn't want me to see the child. It disturbed me." Plaintiff denies making these statements and commenced this action claiming that following the article's publication, a street gang, of which the father and his brother were members, began to harass and threaten her, causing her to fear for her safety and to move her residence on several occasions.

The complaint fails to state a cause of action for intentional infliction of emotional distress since it fails to allege conduct that is "extreme and outrageous" (see *Goldstein v Massachusetts Mut. Life Ins. Co.*, 60 AD3d 506, 508 [1st Dept 2009]; *Berrios v Our Lady of Mercy Med. Ctr.*, 20 AD3d 361, 362 [1st Dept 2005]). Plaintiff fails to allege that defendants' conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Berrios*, 20 AD3d at 362, quoting *Sheila C. v Povich*, 11 AD3d 120, 130-131 [1st Dept 2004] [internal quotation marks omitted]).

Plaintiff similarly failed to properly plead a claim for prima facie tort since the complaint fails to allege that defendants' sole motive in publishing the article was "disinterested malevolence" (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]; *Woytisek v JP Morgan Chase & Co.*, 46 AD3d 331, 331 [1st Dept 2007]) and fails to allege special damages (*Freihofer v Hearst Corp.*, 65 NY2d 135, 142-143 [1985]). The complaint merely alleges that plaintiff suffered damages "in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction" without specifying or detailing her loss. Although her affidavit in opposition to the motion states that she "incurred moving expenses in excess of Fifteen Thousand Dollars," such "round figures, with no attempt at itemization, must be deemed to be a representation of general damages" (*Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 441 [1960]; see *Vigoda v DCA Prods. Plus*, 293 AD2d 265, 266 [1st Dept 2002]).

We disagree with the motion court's finding that plaintiff

should be accorded an opportunity to discover if defendants had "knowledge and an intent to injure her," since this addresses only one of the elements of a claim for prima facie tort and will not cure the defects in the complaint. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.