THOMAS GILEWICZ, Respondent, v BUFFALO GENERAL PSYCHIATRIC UNIT et al., Appellants. [988 NYS2d 334]—

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered December 12, 2012. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking dismissal of the fourth cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action by filing a summons with notice stating that the nature of the action was for medical malpractice, assault, and emotional distress. After plaintiff served a complaint and then an amended complaint, defendants moved, inter alia, to dismiss the second and third causes of action, alleging constitutional violations, for failure to comply with CPLR 305 (b) and, pursuant to CPLR 3211 (a) (7), to dismiss the fourth cause of action, for intentional infliction of emotional distress.

Supreme Court properly denied that part of the motion seek-

ing to dismiss the second and third causes of action. CPLR 305 (b) provides in relevant part that, if a complaint is not served with the summons, "the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought." The failure to comply with this requirement is a jurisdictional defect warranting dismissal of the action (*see Parker v Mack*, 61 NY2d 114, 115-116 [1984]; *Micro-Spy, Inc. v Small*, 9 AD3d 122, 125-126 [2004]; *Drummer v Valeron Corp.*, 154 AD2d 897, 897 [1989], *lv denied* 75 NY2d 705 [1990]). Defendants contend that plaintiff's constitutional causes of action should be dismissed for failure to comply with CPLR 305 (b) because the notice did not state that plaintiff would allege constitutional causes of action, and plaintiff therefore should be precluded from asserting those causes of action in the amended complaint. We reject that contention. Inasmuch as the notice here was adequate under CPLR 305 (b) (*see Miller v Cambria Car Wash, LLC*, 68 AD3d 827, 828 [2009]), we perceive no basis to dismiss the constitutional causes of action.

We agree with defendants, however, that the court erred in denying that part of their motion seeking to dismiss the fourth cause of action, for intentional infliction of emotional distress, and we therefore modify the order accordingly. On a CPLR 3211 motion to dismiss, "plaintiff's complaint is to be afforded a liberal construction, . . . the facts alleged therein are accepted as true, and . . . plaintiff is to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint 'fit within any cognizable legal theory' " (*Palladino v CNY Centro, Inc.*, 70 AD3d 1450, 1451 [2010], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]). In order to state a cause of action for intentional infliction of emotional distress, plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). In addition, we note that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*id.* at 122 [internal quotation marks omitted]; *see Harville v Lowville Cent. School Dist.*, 245 AD2d 1106, 1106 [1997], *lv denied* 92 NY2d 808 [1998]).

We conclude that the facts alleged by plaintiff "fall far short" of the standard (*Murphy v American Home Prods. Corp.*, 58

NY2d 293, 303 [1983]). The allegations in the amended complaint, liberally construed, are that defendants withdrew blood from plaintiff over his religious objection and that they continued their treatment of him despite his objections. In the context of this case, we conclude that plaintiff has not thereby alleged the type of extreme and outrageous conduct that is actionable (see generally Berrios v Our Lady of Mercy Med. Ctr., 20 AD3d 361, 362-363 [2005]), and we therefore conclude that the amended complaint fails to state a cause of action for intentional infliction of emotional distress (see Baumann v Hanover Community Bank, 100 AD3d 814, 816-817 [2012]; Hart v Child's Nursing Home Co., 298 AD2d 721, 722 [2002]; Harville, 245 AD2d at 1106-1107). Moreover, the amended complaint does not adequately allege that plaintiff suffered severe emotional distress because of defendants' conduct. Indeed, plaintiff alleged in conclusory fashion only that defendants "intentionally caused the plaintiff . . . emotional distress." Present—Centra, J.P., Fahey, Peradotto, Lindley and Valentino, JJ.