# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

460

CA 13-01735

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

THOMAS GILEWICZ, PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

BUFFALO GENERAL PSYCHIATRIC PHYCIATRIC (SIC)
UNIT AND BUFFALO GENERAL HOSPITAL,
DEFENDANTS-APPELLANTS.

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (ADAM P. DEISINGER OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

JAMES P. DAVIS, BUFFALO, FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered December 12, 2012. The order, insofar as
appealed from, denied in part the motion of defendants to dismiss the
amended complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion
seeking dismissal of the fourth cause of action and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced this action by filing a summons
with notice stating that the nature of the action was for medical
malpractice, assault, and emotional distress. After plaintiff served
a complaint and then an amended complaint, defendants moved, inter
alia, to dismiss the second and third causes of action, alleging
constitutional violations, for failure to comply with CPLR 305 (b)
and, pursuant to CPLR 3211 (a) (7), to dismiss the fourth cause of
action, for intentional infliction of emotional distress.

Supreme Court properly denied that part of the motion seeking to
dismiss the second and third causes of action. CPLR 305 (b) provides
in relevant part that, if a complaint is not served with the summons,
"the summons shall contain or have attached thereto a notice stating
the nature of the action and the relief sought." The failure to
comply with this requirement is a jurisdictional defect warranting
dismissal of the action (*see Parker v Mack*, 61 NY2d 114, 115-116;
*Micro-Spy, Inc. v Small*, 9 AD3d 122, 125-126; *Drummer v Valeron Corp.*,
154 AD2d 897, 897, *lv denied* 75 NY2d 705). Defendants contend that
plaintiff's constitutional causes of action should be dismissed for
failure to comply with CPLR 305 (b) because the notice did not state
that plaintiff would allege constitutional causes of action, and

plaintiff therefore should be precluded from asserting those causes of action in the amended complaint. We reject that contention. Inasmuch as the notice here was adequate under CPLR 305 (b) (*see Miller v Cambria Car Wash, LLC*, 68 AD3d 827, 828), we perceive no basis to dismiss the constitutional causes of action.

We agree with defendants, however, that the court erred in denying that part of their motion seeking to dismiss the fourth cause of action, for intentional infliction of emotional distress, and we therefore modify the order accordingly. On a CPLR 3211 motion to dismiss, "plaintiff's complaint is to be afforded a liberal construction, . . . the facts alleged therein are accepted as true, and . . . plaintiff is to be afforded every possible favorable inference in order to determine whether the facts alleged in the complaint 'fit within any cognizable legal theory' " (*Palladino v CNY Centro, Inc.*, 70 AD3d 1450, 1451, quoting *Leon v Martinez*, 84 NY2d 83, 87-88; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152). In order to state a cause of action for intentional infliction of emotional distress, plaintiff must allege: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress" (*Howell v New York Post Co.*, 81 NY2d 115, 121). In addition, we note that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*id.* at 122 [internal quotation marks omitted]; *see Harville v Lowville Cent. School Dist.*, 245 AD2d 1106, 1106, *lv denied* 92 NY2d 808).

We conclude that the facts alleged by plaintiff "fall far short" of the standard (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303). The allegations in the amended complaint, liberally construed, are that defendants withdrew blood from plaintiff over his religious objection and that they continued their treatment of him despite his objections. In the context of this case, we conclude that plaintiff has not thereby alleged the type of extreme and outrageous conduct that is actionable (*see generally Berrios v Our Lady of Mercy Med. Ctr.*, 20 AD3d 361, 362-363), and we therefore conclude that the amended complaint fails to state a cause of action for intentional infliction of emotional distress (*see Baumann v Hanover Community Bank*, 100 AD3d 814, 816-817; *Hart v Child's Nursing Home Co.*, 298 AD2d 721, 722; *Harville*, 245 AD2d at 1106-1107). Moreover, the amended complaint does not adequately allege that plaintiff suffered severe emotional distress because of defendants' conduct. Indeed, plaintiff alleged in conclusory fashion only that defendants "intentionally caused the plaintiff . . . emotional distress."

Entered: June 13, 2014                    Frances E. Cafarell
                                          Clerk of the Court