# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

350

CA 15-01147

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

ROSEMARY WHITE, PLAINTIFF-APPELLANT,

V                                    MEMORANDUM AND ORDER

THE DIOCESE OF BUFFALO, NEW YORK,
DEFENDANT-RESPONDENT.

---

BROWN CHIARI LLP, LANCASTER (ANGELO S. GAMBINO OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KATIE RENDA OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered March 31, 2015. The order granted the
motion of defendant to dismiss the complaint and denied the cross
motion of plaintiff for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she sustained when she was bitten by a dog owned by a priest
at premises owned by Sacred Heart Roman Catholic Church (Sacred
Heart). Supreme Court properly granted defendant's motion to dismiss
the complaint for failure to state a cause of action (*see* CPLR 3211
[a] [7]). We reject plaintiff's contention that the complaint alleges
a theory that defendant was negligent in its retention and/or
supervision of the priest assigned to Sacred Heart. Although "[i]t is
axiomatic that plaintiff's complaint is to be afforded a liberal
construction, that the facts alleged therein are accepted as true, and
that plaintiff is to be afforded every possible inference in order to
determine whether the facts alleged in the complaint 'fit within any
cognizable theory' " (*Palladino v CNY Centro, Inc*., 70 AD3d 1450,
1451, quoting *Leon v Martinez*, 84 NY2d 83, 87-88), we conclude that
the complaint herein " 'gives not the slightest indication of a theory
of liability of negligent supervision [or retention]' " (*Darrisaw v
Strong Mem. Hosp*., 74 AD3d 1769, 1770, *affd* 16 NY3d 729).
Furthermore, to the extent that plaintiff alleged such a theory in her
bill of particulars, it is well established that the "purpose of the
bill of particulars is to amplify the pleadings . . . , and [it] 'may
not be used to supply allegations essential to a cause of action that
was not pleaded in the complaint' " (*Paterra v Arc Dev. LLC*, 136 AD3d

474, 475).

Entered:  April 29, 2016

Frances E. Cafarell
Clerk of the Court