■ Keenan Britt, Respondent, v City of New York et al., Appellants. [54 NYS3d 290]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered May 9, 2016, which, to the extent appealed from as limited by the briefs, upon reargument of defendants' motion to dismiss, denied dismissal of plaintiff's claims for prima facie tort and tortious interference with contract insofar as asserted against the individual defendants, unanimously reversed, on the law, without costs, and those claims dismissed. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered August 12, 2013, unanimously dismissed, without costs, as taken from an order that has been superseded by the order entered May 9, 2016.

Plaintiff's claims for prima facie tort and tortious interference should have been dismissed for failure to state a cause of action.* It is well settled that prima facie tort is not designed to " 'provide a catch-all alternative for every cause of action which cannot stand on its legs' " (*Kickertz v New York Univ.*, 110 AD3d 268, 277 [1st Dept 2013], quoting *Bassim v Hassett*, 184 AD2d 908, 910 [3d Dept 1992]). Here, the gravamen of

---

* At oral argument, plaintiff essentially acknowledged that Nancy Grillo was the only viable remaining defendant.

plaintiff's claims relate to his contention that he had a right to return to his permanent computer aide title; this claim was resolved in his favor in the CPLR article 78, and plaintiff was fully compensated for that wrong in that proceeding. In the complaint, plaintiff does not identify or itemize with any specificity the special damages he allegedly suffered that are encompassed within the prima facie tort claim (*see Phillips v New York Daily News*, 111 AD3d 420, 421 [1st Dept 2013]). Moreover, the complaint does not allege that disinterested malevolence was the sole motivation for the conduct of which he complains (*see AREP Fifty-Seventh, LLC v PMGP Assoc., L.P.*, 115 AD3d 402, 403 [1st Dept 2014]). Rather, he merely alleges that he was not told he was relinquishing his permanent title.

The tortious interference claim fails both because plaintiff was not a party to any contract with a third party (*see Kronos, Inc. v AVX Corp.*, 81 NY2d 90, 94 [1993]; *Fiore v Town of Whitestown*, 125 AD3d 1527, 1530 [4th Dept 2015], *lv denied* 25 NY3d 910 [2015]), and because, as noted above, he has not identified any damages apart from those for which he already has been compensated. Concur—Sweeny, J.P., Richter, Andrias and Kahn, JJ.