Miller v Livanis (2020 NY Slip Op 07286)





Miller v Livanis


2020 NY Slip Op 07286


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 112216/09 Appeal No. 12542 Case No. 2019-04441 

[*1]Adam Miller, Plaintiff-Appellant,
v
Olga Livanis, etc., Defendant-Respondent.


Wolin & Wolin, Jericho (Alan E. Wolin of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, Jr.), entered July 31, 2019, which granted defendant's summary judgment motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff's action arose out of the same set of circumstances as his prior CPLR article 78 proceeding, and thus was barred on the grounds of res judicata(Anderson v New York City Dept. of Educ., 93 AD3d 538, 538 [1st Dept 2012], lv denied 20 NY3d 852 [2012]). Both here and in the article 78 proceeding, plaintiff attacked Livanis's decision to give him a "U" rating and her refusal to allow him to rescind his resignation. In a similar vein, plaintiff was also precluded from challenging Livanis's actions in this action under the doctrine of collateral estoppel. When [*2]a party has been afforded a full and fair opportunity to litigate an issue and loses, collateral estoppel will bar him from litigating the issue a second time (Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
The IAS court also properly granted summary judgment to Livanis on the merits. Plaintiff does not have a claim for tortious interference with contract, because, among other reasons, he has not properly alleged that he was party to a contract with a third party (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). The IAS court properly found that the collective bargaining agreement could not serve as the basis for a tortious interference with contract claim (Britt v City of N.Y., 151 AD3d 606, 607 [1st Dept 2017]; see also Berlyn v Board of Educ. of E. Meadow Union Free School Dist., 80 AD2d 572, 573 [2d Dept 1981], affd 55 NY2d 912 [1982]).
The Court also properly dismissed plaintiff's claim for tortious interference with prospective business relations. Plaintiff is unable to show that Livanis directly interfered with any prospective third-party agreement through "wrongful means" (Kickertz v New York Univ., 110 AD3d 268, 275 [1st Dept 2013]). Nor can he establish that he would have been hired by a third party "but for" Livanis's conduct (Murphy v City of New York, 59 AD3d 301, 301 [1st Dept 2009]). While plaintiff argues that Livanis did interfere, by directly contacting the Principal's Program at Hunter College so that he would lose an opportunity to become an administrator, such vague aspirations of future employment are insufficient to meet this standard (id.).
We have considered plaintiff's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020