Brook v Peconic Bay Med. Ctr. (2023 NY Slip Op 00722)

Brook v Peconic Bay Med. Ctr.

2023 NY Slip Op 00722

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Kennedy, Pitt-Burke, Higgitt, JJ. 

Index No. 650921/12 Appeal No. 16983 Case No. 2021-04613 

[*1]Adam Brook, M.D., Ph.D., et al., Plaintiffs-Appellants,
v
Peconic Bay Medical Center et al., Defendants-Respondents.

Adam Brook, M.D., Ph.D, appellant pro se.
Pryor Cashman LLP, New York (William Thomashower of counsel), for Adam Brook, M.D., Ph.D., P.L.L.C., appellant.
Garfunkel Wild, P.C., Great Neck (Leonard M. Rosenberg of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered September 14, 2021, which denied plaintiffs' motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Dismissal of the breach of contract claim was proper. There is no evidence that a "corrective action" was contemplated prior to plaintiff's resignation; as such, the relevant contractual notice provisions were never triggered.
Dismissal of the fraud, promissory estoppel, and negligent misrepresentation claims was also proper. Plaintiff's purported reliance on a representation that defendants would not investigate the subject surgical incident, notwithstanding their legal obligation to do so, was not justifiable as a matter of law (see Public Health Law § 2805-l[2][a], [4]; Michael R. Gianatasio, PE, P.C. v City of New York, 53 Misc 3d 757, 775 [Sup Ct, NY County 2016], affd 159 AD3d 659 [1st Dept 2018]; Merrick Gables Assn. v Town of Hempstead, 691 F Supp 2d 355, 363 [ED NY 2010]; see also PHL Variable Ins. Co. v Town of Oyster Bay, 929 F3d 79, 94-95 [2d Cir 2019]).
Plaintiff failed to raise an issue of fact as to the existence of a job offer that would have been extended to him but for defendant's conduct; accordingly, the claim alleging tortious interference with prospective economic advantage was properly dismissed (see Murphy v City of New York, 59 AD3d 301, 301 [1st Dept 2009]; Carl v Cohen, 55 AD3d 478 [1st Dept 2008]).
We decline to consider plaintiffs' argument that summary judgment in defendants' favor should have been precluded based on the prior award of an adverse inference against them because it was not squarely raised before the motion court (see Brook v Peconic Bay Med. Ctr., 2017 NY Slip Op 31728[U] [Sup Ct, NY County 2017], affd 172 AD3d 468, 470 [1st Dept 2019]).
In view of our disposition of these issues, we need not reach the parties' arguments with respect to damages on the breach of contract and fraud-based claims and whether reassignment of the case to a different Justice is warranted.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023