## Arlus Owner LLC v Theodoropoulos

2025 NY Slip Op 30002(U)

January 2, 2025

Supreme Court, New York County

Docket Number: Index No. 153476/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. NANCY M. BANNON** | **PART** | **61M** |

*Justice*

-----------------------------------------------------------------------------X

ARLUS OWNER LLC, FALU, LLC, FJLU, LLC,829
MADISON WE TIC OWNER LLC,

                           Plaintiffs,

                      - v -

MICHAIL THEODOROPOULOS, ORNELLA REBECA
VOLPATTI, TWAIN TIME, INC., VANITA FINE ART &
ANTIQUES, INC., MICHAIL & UTAREFSON, INC.,
STANLEY MYER, BEMY PROPERTIES, INC.,829 MAD.
AVE. LLC,

                        Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 153476/2024 |
| **MOTION DATE** | 10/15/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 57, 58, 59, 60, 66

were read on this motion to/for                       DISMISSAL                 .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 50, 51, 52, 61, 62, 63, 64, 65, 67, 71

were read on this motion to/for                       DISMISSAL                 .

## I.   INTRODUCTION

This declaratory judgment action arises out of a series of real estate transactions assigning interests in the property known as 829 Madison Avenue (the "Property") to the plaintiff related companies, Arlus Owner LLC, FALU LLC, FJLU LLC and 829 Madison WE TIC Owner LLC. Portions of the Property are leased to defendants and commercial tenants Vanita Fine Arts & Antiques, Inc. ("Vanita"); Twain Time, Inc. ("Twain Time"); and Michail & Utarefson, Inc. ("M&U"). These "Tenants", together with defendants Michail Theodoropoulos and Ornella Rebeca Volpatti, the Tenants' owners and principals, move, pre-answer, to dismiss the complaint as against them pursuant to CPLR 3211(a)(4) and (a)(7) (MOT SEQ 001). The remaining defendants, 829 Mad. Ave. LLC, the prior owner, and its members Stanley Myer and BEMY Properties, Inc. (together "BEMY"), move separately to dismiss the complaint pre-answer on the same grounds. (MOT SEQ 002). The plaintiffs oppose both motions. The motions are granted.

**153476/2024  ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 1 of 9**
  Motion No.  001 002

1 of 9

[* 1]

## II.   BACKGROUND

The facts herein are drawn from the allegations in the plaintiffs' complaint filed on April 12, 2024, unless otherwise noted.

Pursuant to an Agreement of Purchase and Sale, dated January 28, 2022, the plaintiffs purchased the Property for $17 million from defendant 829 Mad. Ave. LLC. In buying the Property, the plaintiffs claim to have relied on the representations regarding the terms of existing commercial leases for portions of the Property made in a pre-sale owner's affidavit dated January 24, 2022, and executed by Myer, as President of Bemy Properties, Inc. and Member of 829 Mad. Ave LLC. In March 2022, the plaintiffs notified Vanita that it was in default of its lease for failure to timely pay rent. Three separate related actions ensued prior to the instant action:

(1) In April 2022, Tenant Vanita commenced the "Vanita Action" against the plaintiffs (Vanita Fina Art & Antiques, Inc. v FALU LLC, et al., Index No. 153029/2022), in which it sought a declaration that the default notice is defective and a permanent injunction barring the plaintiffs from terminating the lease. The plaintiffs counterclaimed for breach of contract seeking unpaid rent. The action remains pending before Justice Paul Goetz of this court.

(2) In October 2022, the plaintiffs commenced the "Myer Action" (Arlus Owner LLC, et al. v 829 Mad. Ave. LLC et al., Index No. 653842/2022), alleging two causes of action, breach of contract/breach of warranty and fraud/fraudulent indicement against defendants 829 Mad. Ave. LLC and Stanley Myer and seeking, among other things, $1,250,000 in damages. The plaintiffs assert in that action that Myer breached the sales contract and defrauded them in his pre-sale owner's affidavit by, among other things, materially misrepresenting the status of the operative commercial leases and debts owed to the Tenants. The court (Ostrager, J. [Ret.]), in an order dated April 20, 2023, dismissed the plaintiffs' demand for punitive damages as "the conduct alleged does not rise to the level of egregious misconduct to support a punitive damages award." That action remains pending before this court. Discovery has been concluded and a Note of Issue was recently filed on December 20, 2024.

(3) In June 2023, the plaintiffs commenced the "Twain Time Action" (Arlus Owner LLC et al. v Twain Time, Inc., Index No. 652659/2023), seeking access to Twain Time's premises to make repairs and money damages for Twain Time's refusal to allow access. Twain Time interposed counterclaims seeking declaratory and injunctive relief regarding its purported entitlement to an additional portion of the property facing Madison Avenue and to bar the

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**                         **Page 2 of 9**
  **Motion No.  001 002**

2 of 9

[* 2]

plaintiffs from terminating its lease. In connection to the counterclaims, Twain Time also filed a Notice of Pendency against the property on July 11, 2023. The Twain Time action remains pending before Justice Nicholas Moyne of this court.

In the course of litigating these actions in 2023, the Tenants produced purported lease amendments dating to January 2018 and August 2021, which were not disclosed to the plaintiffs prior to the sale of the Property, and which grant the Tenants various renewals, rent reductions, credits and reimbursement for capital improvements. The plaintiffs contend that the purported lease amendments are invalid, falsified, or otherwise fraudulent. Of particular relevance here, M&U's 2018 lease amendment ("M&U's 2018 Lease") provides that defendant BEMY, which owned the Property prior to 829 Mad. Ave. LLC, will reimburse M&U for capital improvement costs and incorporates a promissory note requiring Myer, who is BEMY's president, to repay Theodoropoulos $2.5 million for such capital improvements (the "Note"). The Tenants' respective 2021 lease amendments purport to broaden and extend the reimbursement obligation in M&U's 2018 Lease and the associated Note by making the Property's landlord directly liable to each of the Tenants for the $2.5 million cost of capital improvements due under the Note. Relying on the newly disclosed 2021 lease amendments, Vanita amended its complaint in the Vanita Action to include claims for breach of contract in connection with the plaintiffs' failure to reimburse the $2.5 million in capital improvement costs, as well as to seek declaratory relief that it is entitled to its portion of the Madison Avenue Space.

While the three prior actions were pending, the plaintiffs commenced the instant action in April 2024, alleging six causes of action against the same defendants named in the Myer action, Myer and 829 Mad Ave. LLC, as well as against Vanita, Twain Time, M&U, Bemy Properties, Theodoropoulos and Volpatti. The plaintiffs seek against all defendants, a judgment declaring that under the operative commercial leases the Tenants do not have any leasehold interest in the Madison Avenue Space and the $2.5 million Note is unenforceable against the plaintiffs. The plaintiffs also assert causes of action for tortious interference with prospective business relations and prima facie tort as against Theodoropoulos, Volpatti, and the Tenants, abuse of process as against Theodoropoulos, Volpatti, and Twain Time, and civil conspiracy as against all defendants. Notably, no breach of contract claim and no fraud claim is alleged, as were asserted in the Myer action. Nor did the plaintiffs seek to amend the complaint in the Myer action to add these new claims and theories of liability.

The instant motions to dismiss ensued.

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 3 of 9**
**Motion No.  001 002**

3 of 9

[* 3]

By order dated August 15, 2024, Justice Moyne issued an order in the Twain Time Action denying a motion by the plaintiffs to cancel Twain Time's notice of pendency (CPLR 6514). The denial was without prejudice to renew after further discovery. The allegedly improper notice of pendency is the basis for the plaintiffs' abuse of process claim in this action.

### III.  DISCUSSION

When assessing the adequacy of a pleading in the context of a motion to dismiss under CPLR 3211(a)(7), the court's role is "to determine whether [the] pleadings state a cause of action." 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151-52 (2002). To determine whether a pleading adequately states a cause of action, the court must "liberally construe" it, accept the facts alleged in it as true, accord it "the benefit of every possible favorable inference" (id. at 152; see Romanello v Intesa Sanpaolo, S.p.A., 22 NY3d 881 [2013]; Simkin v Blank, 19 NY3d 46 [2012]), and determine only whether the facts as alleged fit within any cognizable legal theory (see Hurrell-Harring v State of New York, 15 NY3d 8 [2010]; Leon v Martinez, 84 NY2d 83 [1994]).

CPLR 3211(a)(4) enables the court to dismiss an action where "there is another action pending between the same parties for the same cause of action[.]" "Trial courts are vested with broad discretion in considering whether to dismiss an action on the basis of a prior pending action." Colon v Gold, 166 AD2d 46, 407 (2nd Dept 1990); see e.g., Nurlybayev v SmileDirectClub, Inc., 205 AD3d 455 (1st Dept. 2022); Aon Risk Svcs. v Cusack, 102 AD3d 461 (1st Dept. 2013). Dismissal pursuant to CPLR 3211(a)(4) requires a substantial identity of parties (PK Rest., LLC v Lifshutz,138 AD3d 434, 436 [1st Dept. 2016]), and an identity of subject matter, regardless of whether different legal theories or claims are set forth in the two actions (Shah v RBC Capital Mkts. LLC, 115 AD3d 444, 445 [1st Dept. 2014]).

A.  First and Second Causes of Action: Declaratory Judgment – Against All Defendants

In the first cause of action, the plaintiffs seek a judgment declaring that the Tenants have no leasehold interests in the Property's Madison Avenue Space under the operative lease documents governing their commercial tenancies. The second cause of action concerns the Tenants' 2021 lease amendments and seeks a declaration that the Note is unenforceable as against the plaintiffs, and that the plaintiffs' non-payment of the $2.5 million due on the Note

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 4 of 9**
   **Motion No.  001 002**

4 of 9

does not create in the Tenants any rights to the Madison Avenue Space pursuant to the 2021 lease amendments.

The same issues are already being litigated with respect to Vanita and Twain Time in the Vanita Action and Twain Time Action, respectively. In the Vanita Action, Vanita relies on the 2021 amendment to its lease to assert breach of contract claims in connection with the failure to pay the $2.5 million reimbursement for capital improvements, as well as to seek declaratory relief that it is entitled to the Madison Avenue Space. Similarly, in the Twain Time Action, Twain Time has interposed a counterclaim for a declaration that it has a leasehold interest in the Madison Avenue Space.

The plaintiffs' argument that consolidation of all four related actions would be more appropriate than dismissal is unavailing. This court, by order dated October 15, 2024, has already denied the plaintiffs' consolidation motion in the Myers Action seeking precisely that relief, based on the disparate legal theories and procedural postures of the four actions.

The plaintiffs also contend, in opposition to MOT SEQ 001, that dismissal pursuant to CPLR 3211(a)(4) is inappropriate because M&U is not a party to any prior pending action. However, when considering whether to dismiss a later filed action, "substantial, not complete, identity of parties is all that is required[.]" Syncora Guarantee Inc. v J.P. Morgan Sec. LLC, 110 AD3d 87, 96 (1st Dept. 2013); see PK Rest., LLC v Lifshutz, supra. Further, where the plaintiffs seek "the same damages for the same alleged injuries relating to the same transaction from close corporate affiliates, a court may properly make a finding that parties have 'substantially similar' identities for purposes of" CPLR 3211(a)(4). Syncora Guarantee Inc. v J.P. Morgan Sec. LLC, supra. Here, the plaintiffs allege and the defendants do not dispute that Theodoropoulos and Volpatti are the owners and/or principals of all three Tenants. Moreover, as the plaintiffs themselves allege, M&U's 2018 Lease and the associated Note are central to any analysis of the 2021 lease amendments and are thus already at issue in the Vanita Action.

Therefore, the first and second causes of action are dismissed as against the Tenants pursuant to CPLR 3211(a)(4), as there are prior actions pending involving substantially the same subject matter and parties. See PK Rest., LLC v Lifshutz, supra; Shah v RBC Capital Mkts. LLC, supra; Syncora Guarantee Inc. v J.P. Morgan Sec. LLC, supra. Moreover, as noted, the plaintiff commenced the Myer action 1.5 years prior to this action, which concerns the same

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**           **Page 5 of 9**
**Motion No.  001 002**

[* 5]

5 of 9

underlying transactions, that action is still pending before this court and the plaintiffs never timely moved to amend the complaint in that action to add additional causes of action.

To the extent the first and second causes of action are asserted against the remaining defendants, Theodoropoulos and Volpatti, the complaint does not allege, as required by CPLR 3001, that there is any justiciable controversy between the parties. See Pettie v Bronx Neighborhood Hous. Servs. CDC Inc., 230 AD3d 454 (1st Dept. 2024); Touro Coll. v Novus Univ. Corp., 146 AD3d 679 (1st Dept. 2017). The first cause of action is only for a determination of the Tenants' leasehold interests in the Property, and thus does not concern the interests of the principals of the Tenants. The complaint likewise does not allege that any of the defendants, other than Vanita, have affirmatively asserted that the plaintiffs are liable on the Note. Thus, to the extent the second cause of action is alleged against any of the defendants save Vanita, the plaintiffs have failed to set forth a "real dispute between adverse parties, involving substantial legal interests for which a declaration of rights will have some practical effect." Chanos v MADAC, LLC, 74 AD3d 1007, 1008 (2nd Dept. 2010). Therefore, the first and second causes of action are dismissed as against defendants Theodoropoulos and Volpatti pursuant to CPLR 3211(a)(7).

B. Third Cause of Action: Tortious Interference with Prospective Business Relations – Against Theodoropoulos, Volpatti, and the Tenants

The third cause of action is also dismissed pursuant to CPLR 3211(a)(7). To establish a claim for tortious interference with prospective business relations, a plaintiff must demonstrate that "'the defendant's interference with its prospective business relations was accomplished by 'wrongful means' or that defendant acted for the sole purpose of harming the plaintiff.'" GS Plasticos Limitada v Bureau Veritas, 88 AD3d 510, 510 (1st Dept. 2011), quoting Snyder v Sony Music Entertainment, Inc., 252 AD2d 294, 299-300 (1st Dept. 1999). The "[c]onduct constituting tortious interference with business relations is, by definition, conduct directed not at a plaintiff itself, but at the party with which the plaintiff has or seeks to have a relationship." Carvel Corp. v Noonan, 3 NY3d 182, 192 (2004). A plaintiff must therefore identify third parties with whom it would have entered into a contractual or other economic relationship but for the defendants' tortious conduct. Learning Annex Holdings, LLC v Gittelman, 48 AD3d 211, 211 (1st Dept. 2008), citing Vigoda v DCA Prods. Plus Inc., 293 AD3d 265, 266-67 (1st Dept. 2002).

In their third cause of action, the plaintiffs allege that, in coming forward with the previously undisclosed 2021 lease amendments, Theodoropoulos and Volpatti have interfered

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 6 of 9**
  **Motion No.  001 002**

6 of 9

with the plaintiffs' prospective business opportunities – more specifically, their ability to lease the Madison Avenue Space to a new commercial tenant. The complaint does not, however, allege wrongful conduct by these defendants directed towards any third parties who would have contracted with the plaintiffs to lease the Madison Avenue Space but for the defendants' tortious conduct. As such, the complaint fails to state a cause of action for tortious interference with prospective business relations. See Carvel Corp. v Noonan, supra; Learning Annex Holdings, LLC v Gittelman, supra; Vigoda v DCA Prods. Plus Inc., supra.

   C. Fourth Cause of Action: Prima Facie Tort - Against Theodoropoulos, Volpatti, and the Tenants

The prima facie tort cause of action is dismissed pursuant to CPLR 3211(a)(7). To state a claim for prima facie tort, a plaintiff must allege (1) the intentional infliction of harm; (2) that results in special damages; (3) without any excuse or justification; (4) by an act or series of acts that would otherwise be lawful. See AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., 115 AD3d 402, 403 (1st Dept. 2014). In addition, there can be no recovery under this theory unless "disinterested malevolence" was the sole motive for the defendant's otherwise lawful act. See id. The plaintiffs' allegations fail to satisfy these pleading requirements.

First, the plaintiffs fail to plead special damages, which require "specific and measurable loss." Freihofer v Hearst Corp., 65 NY2d 135, 142-43 (1985). The complaint only alleges "substantial money damages" and "damages in an amount to be determined[.]" With the exception of the various rent reductions, reimbursements, and credits that are being litigated in the other pending actions described above, the plaintiffs fail to specify, detail, or itemize their losses, which is required for special damages. See Britt v City of New York, 151 AD3d 606, 607 (1st Dept. 2017); Phillips v New York Daily News, 111 AD3d 420, 421 (1st Dept. 2013).

Second, the complaint does not adequately allege, other than in conclusory fashion, that the Tenants, Theodoropoulos and Volpatti were motivated solely by a desire to harm the plaintiffs. Rather, the allegations of the complaint reflect that these defendants acted out of adverse economic self-interest, in particular a desire to maintain control of their present commercial premises and to recoup various payments from the plaintiffs. See AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., supra; Bainton v Baran, 287 AD2d 317, 318 (1st Dept. 2001) (distinguishing self-interest and disinterested malevolence).

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 7 of 9**
**Motion No.  001 002**

7 of 9

D. Fifth Cause of Action: Abuse of Process – Against Theodoropoulos, Volpatti, and Twain Time

The plaintiffs' abuse of process cause of action alleges that Twain Time filed its notice of pendency for the improper purpose of creating a cloud on title to interfere with the plaintiffs' ability to deliver its commercial space to new tenants. As noted, in the Twain Time action, the court (Moyne, J.) denied the plaintiffs' motion to cancel the subject notice of pendency without prejudice to renew after further discovery. The motion, pursuant to CPLR 6514, was not renewed, and that is the only available remedy to challenge or vacate a notice of pendency. The notice of pendency currently remains as a valid filing. Dismissal of this claim is thus warranted on the ground of prior action pending (CPLR 3211[a][4]) or collateral estoppel (CPLR 3211[a][5].

Even if there was no prior action, this cause of action is also subject to dismissal pursuant to CPLR 3211(a)(7). The elements of abuse of process are "'(1) regularly issued process . . ., (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective.'" Casa de Meadows Inc. (Cayman Is.) v Zaman, 76 AD3d 917, 921 (1st Dept. 2010), quoting Curiano v Suozzi, 63 NY2d 113, 116 (1984). "If process has a legitimate purpose, the allegation that it was misused does not suffice to state a claim for abuse of process." Id. The plaintiffs allege that Twain Time filed the notice of pendency to, in effect, prevent its commercial space from being leased to new tenants. That, however, is a legitimate use of the notice of pendency, "consonant with the purpose for which it was designed[.]" Andesco, Inc. v Page, 137 AD2d 349, 356-57 (1st Dept. 1988); see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp., 58 AD3d 158, 161 (1st Dept. 2008); see also PK Rest., LLC v Lifshutz, supra at 439. As such, the plaintiffs do not state a claim for abuse of process. See Casa de Meadows Inc. (Cayman Is.) v Zaman, supra (filing notice of pendency was not abuse of process); Andesco, Inc. v Page, supra (same).

E. Sixth Cause of Action: Civil Conspiracy - Against All Defendants

It is well settled that civil conspiracy is not recognized as an independent tort in New York. See Alexander & Alexander of New York, Inc. v Fritzen, 68 NY2d 968 (1986); ALP, Inc. v Moskowitz, 204 AD3d 454 (1st Dept. 2022); Errant Gene Therapeutics, LLC v Sloan Kettering Inst. for Cancer Research, 174 AD3d 473 (1st Dept. 2019). As all of the plaintiffs' tort claims are dismissed, the civil conspiracy claim also falls. See Platt v Berkowitz, 203 AD3d 447 (1st Dept. 2022); Abacus Fed. Sav. Bank v Lim, 75 AD3d 472 (1st Dept. 2010).

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 8 of 9**
**Motion No.  001 002**

8 of 9

[* 8]

## IV.    CONCLUSION

Accordingly, upon the foregoing papers, it is

ORDERED that the defendants' motions to dismiss the complaint (MOT SEQS 001 and 002) are granted, and the complaint is dismissed in its entirety; and it is further

ORDERED that the Clerk shall mark the file accordingly.

This constitutes the Decision and Order of the court.

20250103222729NBANN0N04884CA53A9C4406BF1972DFFGBC4CA3

| **1/2/2025** | |
| --- | --- |
| **DATE** | **NANCY M. BANNON, J.S.C.** |

| CHECK ONE: | | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |

**153476/2024   ARLUS OWNER LLC ET AL vs. THEODOROPOULOS, MICHAIL ET AL**          **Page 9 of 9**
**Motion No.  001 002**

9 of 9